| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NATHAN F. SMITH #264635<br>CHRISTINA J. KHIL, #266845<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive, Second Floor<br>Irvine, California 92612<br>(949) 252-9400 (TELEPHONE)<br>(949) 252-1032 (FACSIMILE)<br>Email: nathan@mclaw.org; christinao@mclaw.org<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>Ronald David Sanderson | CASE NO.: 6:22-bk-12947-RB<br>CHAPTER: 7 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 03/27/2023   Movant(s) filed a motion or application (Motion) entitled: Trustee's Motion to Approve Compromise of Controversy; Memorandum of Points and Authorities in Support Thereof; and Declaration of A. Cisneros

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 03/27/2023   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17  days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion. **A Stipulation resolving the United States' objection was filed as docket entry no. 85, and an Order approving same was entered as docket entry no. 86.*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 1                                    F 9013-1.2.NO.REQUEST.HEARING.DEC

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 07/06/2023

/s/ Christina J. Khil
Signature


Christina J. Khil
Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 2                          F 9013-1.2.NO.REQUEST.HEARING.DEC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2112 Business Center Drive
Irvine CA 92612

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

---

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/06/2023    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

OFFICE OF U.S. TRUSTEE: United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)     amctrustee@mclaw.org, acisneros@iq7technology.com;
ecf.alert+Cisneros@titlexi.com

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 07/06/2023    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR: Ronald David Sanderson, 68065 Empalmo Road, Cathedral City, CA 92234

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/06/2023 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                         Page 3                         **F 9013-1.2.NO.REQUEST.HEARING.DEC**

**SECTION 2 CONT.**
NOTICE: Chad L Butler     caecf@tblaw.com
NOTICE: Timothy S Huyck     lawyer@gartlandgroup.com, jaclyn@myfreshstartbegins.com;
huyck.timothys.r99655@notify.bestcase.com; amanda@myfreshstartbegins.com;
tim@myfreshstartbegins.com
NOTICE: Christina J Khil     christinao@mclaw.org, CACD_ECF@mclaw.org;
mcecfnotices@ecf.courtdrive.com
NOTICE: Nathan F Smith     nathan@mclaw.org, CACD_ECF@mclaw.org;
mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Jolene Tanner     jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov

EXHIBIT 1

NATHAN F. SMITH #264635
CHRISTINA J. KHIL, #266845
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400 (TELEPHONE)
Fax: (949) 252-1032 (FACSIMILE)
Email: nathan@mclaw.org; christinao@mclaw.org

*Attorneys for A. Cisneros, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:22-bk-12947-RB |
| RONALD DAVID SANDERSON, | Chapter 7 |
| Debtor. | **TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF A. CISNEROS** |
| | No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o) |

**TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

A. CISNEROS, the duly appointed and qualified Chapter 7 Trustee ("Trustee") for the estate of Ronald David Sanderson ("Debtor"), respectfully represents:

## I.    __INTRODUCTION__

Trustee seeks approval of a Settlement Agreement, entered into by and between Trustee and Debtor, providing for Debtor's purchase of the Estate's interest in Debtor's over-encumbered residence located at 68065 Empalmo Rd., Cathedral City, California, 92234 ("Property") and Debtor's personal property. The Property is valued at $530,000 and encumbered by liens in excess of $2.5 million dollars. Trustee has determined that there is no equity in Debtor's personal property. However, with regard to the Property, Trustee determined

that he could avoid $64,058.47 in tax penalties and interest attributable to penalties owed to the Internal Revenue Service and the Franchise Tax Board, and preserve them for the benefit of the Estate.   Pursuant to the Settlement Agreement, Debtor would purchase the Estate's interest in Debtor's Property and personal property assets for $64,000.   Through the Settlement Agreement, Trustee would avoid the expense and delay of pursing a sale of the Property, which could involve prolonged marketing, a lower sale price, and potential opposition from lienholders, all of which would result in a reduced return to unsecured creditors.    Trustee believes the Settlement Agreement is fair, reasonable, and in the best interests of the Estate and its creditors and seeks approval of it.  Finally, the Settlement Agreement allows the Debtor to retain his residence.

**II.**    **BACKGROUND**

1.    On August 4, 2022 ("Petition Date"), the Debtor, Ronald David Sanderson filed a petition for relief under Chapter 7 of the Bankruptcy Code in the Riverside Division of the United States Bankruptcy Court, Central District of California, which was assigned Case No. 6:22-bk-12947-RB ("Petition" or "Case").   Thereafter, A. Cisneros was appointed as Chapter 7 Trustee for the Estate.

2.    On August 16, 2022, Debtor filed Schedule A/B identifying an ownership interest in real property commonly known as 68065 Empalmo Rd., Cathedral City, CA 92234, which is Debtor's primary residence.  The Debtor valued the Property at $530,000.

3.    On August 16, 2022, Debtor filed Schedule C and Scheduled D, claiming a homestead exemption of $400,500, and scheduling a mortgage debt of $202,156 and multiple other liens secured against the Property totaling $2,547,044.79.  The majority of the scheduled liens are held by the Internal Revenue Service and the Franchise Tax Board.

4.    On February 2, 2023, Debtor filed amended Schedule A/B to identify a 2021 Cadillac CT4 Luxury Sedan ("Cadillac") valued at $32,300.  In order to protect Debtor's interest in the Cadillac, Debtor filed an amended Schedule C to claim a total exemption of $32,300 on the Cadillac and reduced his homestead exemption to $1,225 for the Property.

5.    The initial 341(a) meeting of creditors was held on September 8, 2022, and concluded on February 28, 2023.

6.    On November 22, 2022, Trustee filed a Notification of Asset Case which set a claims bar date of February 27, 2023.

7.    On December 13, 2022, the Franchise Tax Board ("FTB") filed Proof of Claim 8-1 for a total of $181,911.97 ("Claim 8"). The FTB's Claim 8 is comprised of a secured balance of $173,003.14, secured against the Debtor's principal residence, and an unsecured balance of $8,908.83.

8.    On February 10, 2023, the Internal Revenue Service ("IRS") filed Proof of Claim 9-2 for a total of $877,309.14 ("Claim 9"). The IRS's Claim 9 is comprised of a secured balance of $839,185.61, secured against the Debtor's principal residence, and an unsecured amount of $38,123.53.

9.    On January 26, 2023, the Riverside County Tax Collector ("RTC") filed Proof of Claim 11-1 for a total of $3,982.54 ("Claim 11"). The RTC's Claim 11 includes an amount of $2,081.05 for the 2022 property taxes owed on the Property.

10.    Based upon the multiple liens totaling in excess of $2.5 million secured against the Property, there would be no equity remaining for the Estate. However, pursuant to 11 U. S. C. §§ 724(a), 726(a)(4) and 551 Trustee may avoid all tax penalties and interest attributable to penalties and preserve them for the benefit of the Estate.

11.    Based upon a Property valuation of $530,000, Trustee's calculation reflects that the secured balance of FTB Claim 8 included amounts attributable to penalties and interest on penalties in the amount of $4,795.33 and the secured balance of IRS's Claim 9 included amounts attributable to penalties and interest on penalties in the amount of $59,263.14, for a total of $64,058.47.

12.    Debtor's Amended Schedule A/B also identified personal property, which included a 2016 Forest RIV Prism PRC2250 (scheduled as a Mercedes Sprinter 3500 C Class), the Cadillac, 2015 Harley Davidson Electric Guide, Sanderson & Daughter Services, Inc., Guns, Household Goods & Furnishings, Miscellaneous Electronics, Clothes, Cash and Pacific Life Insurance ("Personal Property"). Trustee has reviewed and analyzed the valuation, debts and respective amended exemptions claimed by the Debtor for the Personal Property, and Trustee has

determined that there is no value for the Estate, as provided in the table below:

| Asset | Value | Liens | Claimed Exemption | Estimated Cost of Sale | Equity for Estate |
|---|---|---|---|---|---|
| 2016 Forest RIV Prism PRC2250 (scheduled as Mercedes Sprinter 3500 C Class, mileage 3500) | $80,000 - Scheduled $84,850 (JD Power - Avg. Retail) | $69,201.10 (POC #3) | $3,625 | $16,970 (20%) | $0 |
| Cadillac CT4 Luxury Sedan 2021 (mileage 21,000) | $32,300 - Scheduled $25,300 - (Car Max Value) | $0 | $32,300 ($25,925 + $6,375) | - | $0 |
| Harley Davidson Electric Glide (2015 FLHXS Street Glide Special with a 1690 cc engine, mileage 1800) | $20,000 - scheduled $19,910 - KBB (Typical Listing Price) | $22,775 (Scheduled) | - | - | $0 |
| Sanderson & Daughter Services, Inc. (100%) ("Business") | $0 - Scheduled | $0 | - | - | $0 |
| Guns (various) | $4,500 - Scheduled | $0 | $4,500 | - | $0 |
| Household Goods & Furnishings | $1,000 - Scheduled | $0 | $1,000 | - | $0 |
| Miscellaneous Electronics | $500 - Scheduled | $0 | $500 | - | $0 |
| Clothes | $500 - Scheduled | $0 | 100% | - | |
| Cash | $2000 - Scheduled | $0 | $2,000 | - | $0 |
| Pacific Life Insurance | $14,305.93 - Scheduled | $0 | $14,305.93 | - | $0 |
| | | | | **Total:** | **$0** |

13.    The Debtor and Trustee have agreed that the Debtor will pay a total sum of $64,000 to purchase the Estate's interest in the Property and Personal Property, subject to all existing liens by paying a $10,000 down payment at the execution of the Settlement Agreement and eight (8) monthly installment payments at $6,750, commencing 30 days after the execution of the Settlement Agreement by Debtor.

14.    Based upon the foregoing and in order to eliminate the need for Trustee to sell or liquidate the Property or Personal Property, the Parties have agreed to settle this matter for an amount of $64,000.  The terms of which are set forth below.

///

1    **III.    AGREEMENT**

2          15.      Trustee and Debtor entered into a Settlement Agreement and Mutual Release

3    ("Settlement Agreement").  A true and correct copy of the Settlement Agreement is attached to

4    the accompanying declaration of A. Cisneros as Exhibit "1."    The primary terms of the

5    Settlement Agreement are as follows:

6                    a.    The Settlement Agreement is subject to the approval of the Bankruptcy

7                          Court and is of no force or effect until approved by the Bankruptcy Court;

8                    b.    The Debtor agrees to pay the Bankruptcy Estate the sum of $64,000.00 for

9                          the Estate's interest in the Property and Personal Property ("Settlement

10                         Payment");

11                   c.    The Settlement Payment shall be paid as follows:

12                              i.    $10,000 due at execution of this Settlement Agreement by the

13                                    Debtor;

14                              ii.   Eight (8) installments of $6,750 commencing 30 days after the

15                                    execution of the Settlement Agreement by Debtor;

16                   d.    In the event Debtor fails to timely tender the required payments, Trustee

17                         shall be entitled to notify Debtor and Debtor's counsel via email of said

18                         default in writing.  Should Debtor fail to cure the default within five (5)

19                         days of the date of the notice, then Trustee shall be entitled to a judgment

20                         of $75,000.  Trustee may satisfy this judgment through the liquidation of

21                         debtor's exempt and non-exempt assets, and Trustee's judgment must to

22                         be satisfied in advance of any payment to Debtor for his claimed

23                         exemptions;

24                   e.    The payment shall be made payable to "A. Cisneros, Trustee of the Estate

25                         of Ronald David Sanderson" and sent to 3403 10th Street., Suite 714,

26                         Riverside, CA 92501;

27                   f.    Upon Bankruptcy Court approval of the settlement, and receipt of the

28                         Settlement Payment in full, the Bankruptcy Estate's interest in the

5

Property shall be deemed fully administered and/or abandoned by the Estate.

WHEREFORE, Trustee acknowledges receipt of $10,000 under the terms of the Settlement Agreement and respectfully requests the Court to enter an order approving the Settlement Agreement and granting Trustee such other relief as the Court deems just and proper.

Malcolm ♦ Cisneros, A Law Corp.

Dated:  March 24, 2023

/s/CHRISTINA J. KHIL
CHRISTINA J. KHIL
*Attorneys for A. Cisneros, Chapter 7 Trustee*

6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. UPON APPROVAL BY THE COURT, A TRUSTEE MAY COMPROMISE CLAIMS OF THE ESTATE

Federal Rule of Bankruptcy Procedure 9019(a) provides:

> "On motion by  and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

Accordingly, upon appropriate notice, the Court may approve a compromise or settlement.  In the instant case, this entire motion has been served on the Debtor, his attorney of record, if any, interested parties and the Office of the United States Trustee; and Notice of the motion has been served on all creditors including all parties requesting special notice.

### II. TRUSTEE SHOULD BE PERMITTED TO ENTER INTO A COMPROMISE IF IT IS REASONABLE GIVEN THE PARTICULAR CIRCUMSTANCES OF THE CASE

The Ninth Circuit has stated that, "The purpose of a compromise agreement is to allow Trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Caine* (*In re A&C Properties*), 784 F.2d. 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom*, *Martin v. Robinson*, 479 U.S. 854 (1986).  The Bankruptcy Court has great latitude in approving a compromise so long as it finds that the compromise is fair and equitable.  *Id.* at 1382; *see also*, *Woodson v. Fireman's Fund Insurance Company (In re Woodson)*, 839 F. 2d. 610, 620 (9th Cir. 1988) and *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 421 (B.A.P. 9th Cir. 1997).

The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit have consistently held that a Bankruptcy Court must consider four factors in determining whether to approve a compromise:

> (a)    The probability of success in the litigation;
>
> (b)    The difficulties, if any, to be encountered in the matter of collection;
>
> (c)    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it;

7

(d)     The paramount interest of the creditors and a proper deference to their reasonable views.

*In re A&C Properties*, *supra*, at 1381; *In re Woodson, supra* at 620; *In re Schmitt, supra*, at 421.

**A.     Probability of Success in Litigation**

Trustee believes that he would be successful in avoiding the penalties and interest attributable to penalties if he were to sell the Property.  However, the Settlement Payment which will be paid to the Estate pursuant to the Settlement Agreement will likely provide a better distribution to the unsecured creditors.  If Trustee attempted to sell the Property, the marketing of the Property could be prolonged, the sale price achieved would be uncertain, and Trustee could face potential litigation in addressing the liens secured against the Property totaling in excess of $2.5 million dollars.  Specifically, Trustee would need to seek to sell the Property free and clear of claims of the FTB and the IRS, and have their liens attach to the sale proceeds, as they include amounts attributable to penalties and interest on penalties, which are of a kind specified in §§ 724(a) and subject to avoidance under 726(a)(4).  Trustee, pursuant to §§ 551 and 349(b), would have the statutory right to preserve any liens avoided under § 724(a) for the benefit of the estate.  However, if Trustee was met with opposition, although Trustee believes he would be successful, the Estate would incur further attorneys' fee and costs in litigating the sale.    Accordingly, this component strongly supports approval of the Settlement Agreement.

**B.     Difficulties in Collection**

If Trustee were to sell the Property, Trustee would be required to address the multiple liens totaling in excess of $2.5 million dollars and respond to any potential opposition by the IRS and the FTB to Trustee's avoidance of the tax penalties and interest attributable to penalties of their respective claims.  Additionally, the Debtor could fight turnover of the Property.  The Settlement Agreement provides for a recovery of $64,000, without incurring the time to market and sell the Property and without incurring administrative and further potential legal costs involved in the sale and collection thereunder.  If the Settlement Agreement is not approved, and Trustee were to pursue liquidation of the Property, the Estate's recovery would likely be reduced.  All the foregoing would increase the cost to the Estate and reduce the net funds available to

creditors and delay administration of the Estate.  Therefore, this element also supports approval of the Settlement Agreement.

### C.   Complexity of Issues, Expense, Delays

The Settlement Agreement avoids further administrative fees and delays in administration of Estate assets.  Trustee has been able to settle with the Debtor early.  If Trustee were required to sell the Property or litigate the potential issues associated with a sale of the Property, Trustee would incur significant legal costs.  Instead, and rather than delay this matter and incur costs associated with litigation and liquidation, Trustee has determined that the settlement reached is fair and reasonable.  Trustee believes the proposed settlement is the most expedient and cost-effective method for resolving the Estate's interest in the Property and Personal Property.  This factor weighs in favor of settling.

### D.   The Interests of Creditors

The final, but most significant, part of the analysis involves an evaluation of whether the proposed settlement is in the best interests of creditors. *See In Re Flight Trans. Corp. Securities Litigation*, 730 F.2d 1128, 1135-36 (8th Cir. 1984).

The Settlement Agreement should be approved as means of preserving assets and enhancing the benefit to the Estate.  The Settlement Agreement avoids the potential costly litigation related to the sale of the Property.  The Settlement Agreement guarantees a substantial recovery for the Estate, which will enable Trustee to make a distribution to the Estate's creditors. In addition, the Settlement Agreement enables Trustee to proceed with administration of all of the Estate assets in an efficient and timely fashion.  Given that Trustee's main goal is to benefit creditors, he believes the settlement is in the best interest of the creditors and the Estate.  As such, this factor favors settlement.

Accordingly, Trustee submits that the Settlement Agreement is fair, reasonable, and in the best interests of the Estate and its creditors, and should, therefore, be approved by the Court.

///

///

///

9

**IV.    <u>CONCLUSION</u>**

WHEREFORE, Trustee respectfully prays that this Honorable Court enter its Order approving the Settlement Agreement and granting such other and further relief as the Court deems just and proper.

Dated: March 24, 2023                          Respectfully Requested
                                               Malcolm ♦ Cisneros, A Law Corp.

                                    By:    /s/CHRISTINA J. KHIL
                                           CHRISTINA J. KHIL
                                           *Attorneys for A. Cisneros, Chapter 7 Trustee*

## **DECLARATION OF A. CISNEROS**

I, A. Cisneros, declare and state as follows:

1.      I am the duly appointed and acting Chapter 7 Trustee for the Bankruptcy Estate of Ronald David Sanderson ("Debtor"), Chapter 7 Case No. 6:22-12947-RB.   As such, I have personal knowledge of the facts stated herein, and if called upon to testify I could and would competently testify thereto.

2.      I am familiar with the Debtor's bankruptcy proceeding and make this Declaration in support of my Motion to Approve Compromise ("Settlement Motion").   Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Settlement Motion.

3.      On August 4, 2022 ("Petition Date"), the Debtor, Ronald David Sanderson filed a petition for relief under Chapter 7 of the Bankruptcy Code in the Riverside Division of the United States Bankruptcy Court, Central District of California, which was assigned Case No. 6:22-bk-12947-RB ("Petition" or "Case").   Thereafter, I was appointed as Chapter 7 Trustee for the Estate.

4.      On August 16, 2022, Debtor filed Schedule A/B identifying an ownership interest in real property commonly known as 68065 Empalmo Rd., Cathedral City, CA 92234 ("Property"), which is Debtor's primary residence. The Debtor valued the Property at $530,000.

5.      On August 16, 2022, Debtor filed Schedule C and Scheduled D, claiming a homestead exemption of $400,500, and scheduling a mortgage debt of $202,156 and multiple other liens secured against the Property totaling $2,547,044.79.   The majority of the scheduled liens are held by the Internal Revenue Service and the Franchise Tax Board.

6.      On February 2, 2023, Debtor filed amended Schedule A/B to identify a 2021 Cadillac CT4 Luxury Sedan ("Cadillac") valued at $32,300.   In order to protect Debtor's interest in the Cadillac, Debtor filed an amended Schedule C to claim a total exemption of $32,300 on the Cadillac and reduced his homestead exemption to $1,225 for the Property.

7.      The initial 341(a) meeting of creditors was held on September 8, 2022, and concluded on February 18, 2023.

8.      On November 22, 2022, I filed a Notification of Asset Case which set a claims bar

1    date of February 27, 2023.

2        9.    On December 13, 2022, the Franchise Tax Board ("FTB") filed Proof of Claim 8-1

3    for a total of $181,911.97 ("Claim 8").  The FTB's Claim 8 is comprised of a secured balance of

4    $173,003.14, secured against the Debtor's principal residence, and an unsecured balance of

5    $8,908.83.

6        10.    On February 10, 2023, the Internal Revenue Service ("IRS") filed Proof of Claim

7    9-2 for a total of $877,309.14 ("Claim 9").  The IRS's Claim 9 is comprised of a secured balance

8    of $839,185.61, secured against the Debtor's principal residence, and an unsecured amount of

9    $38,123.53.

10        11.    On January 26, 2023, the Riverside County Tax Collector ("RTC") filed Proof of

11    Claim 11-1 for a total of $3,982.54 ("Claim 11").  The RTC's Claim 11 includes an amount of

12    $2,081.05 for the 2022 property taxes owed on the Property.

13        12.    Based upon the multiple liens totaling in excess of $2.5 million secured against the

14    Property, there would be no equity remaining for the Estate.  However, pursuant to 11 U. S. C. §§

15    724(a), 726(a)(4) and 551, I may avoid all tax penalties and interest attributable to penalties and

16    preserve them for the benefit of the Estate.

17        13.    Based upon a Property valuation of $530,000, my calculation reflects that the

18    secured balance of FTB Claim 8 included amounts attributable to penalties and interest on

19    penalties in the amount of $4,795.33 and the secured balance of IRS's Claim 9 included amounts

20    attributable to penalties and interest on penalties in the amount of $59,263.14, for a total of

21    $64,058.47.

22        14.    Debtor's Amended Schedule A/B also identified personal property, which

23    included a 2016 Forest RIV Prism PRC2250 (scheduled as a Mercedes Sprinter 3500 C Class),

24    2021 Cadillac CT4 Luxury Sedan, 2015 Harley Davidson Electric Guide, Sanderson & Daughter

25    Services, Inc., Guns, Household Goods & Furnishings, Miscellaneous Electronics, Clothes, Cash

26    and Pacific Life Insurance ("Personal Property").  I have reviewed and analyzed the valuation,

27    debts and respective amended exemptions claimed by the Debtor for the Personal Property, and I

28    have determined that there is little to no value for the Estate.

15.     Based upon the foregoing and in order to eliminate the need to sell or liquidate the Property or Personal Property, the Debtor and I have agreed that the Debtor will pay a total sum of $64,000 to purchase the Estate's interest in the Property and Personal Property, subject to all existing liens by paying a $10,000 down payment at the execution of the Settlement Agreement and eight (8) monthly installment payments at $6,750, commencing 30 days after the execution of the Settlement Agreement by Debtor.

16.     Through the Settlement Motion, I request approval of the Settlement Agreement between myself as Trustee for the Estate and the Debtor, a true and correct copy is attached hereto as Exhibit "1."

17.     Before agreeing to enter into the Settlement Agreement that is the subject of this Settlement Motion, I reviewed the risks and benefits of liquidating the Property and Personal Property.    I reviewed the benefits to the Estate which would result from the Settlement Agreement.    For the reasons stated in the Settlement Motion and the accompanying Points and Authorities, and based on my business judgment, I believe it is in the best interest of the Estate to enter into the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 24 day of March 2023 at Riverside, California.

A. CISNEROS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF A. CISNEROS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 27, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com
NOTICE: Chad L Butler    caecf@tblaw.com
NOTICE: Timothy S Huyck    lawyer@gartlandgroup.com, jaclyn@myfreshstartbegins.com; huyck.timothys.r99655@notify.bestcase.com; amanda@myfreshstartbegins.com; tim@myfreshstartbegins.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **March 27, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Ronald David Sanderson, 68065 Empalmo Road, Cathedral City, CA 92234**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 27, 2023 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

Case Number: 6:22-bk-12947-RB

*In re Sanderson*

---

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

---

Exhibit 1

This Settlement Agreement and Mutual Release ("Settlement Agreement") is entered into for purposes of memorializing the terms of the agreement reached by and between the parties. The parties to this Settlement Agreement are A. Cisneros ("Trustee"), the duly appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate of Ronald David Sanderson ("Estate"), on the one hand, and Ronald David Sanderson ("Debtor") on the other hand. The Trustee and the Debtor shall collectively be referred to as the "Parties." This Settlement Agreement is made subject to the following recitals:

## I. <u>RECITALS</u>

This Settlement Agreement is made with reference to the following facts:

1.     On August 4, 2022 ("Petition Date"), the Debtor, Ronald David Sanderson filed a petition for relief under Chapter 7 of the Bankruptcy Code in the Riverside Division of the United States Bankruptcy Court, Central District of California, which was assigned Case No. 6:22-bk-12947-RB ("Petition" or "Case"). Thereafter, A. Cisneros was appointed as Chapter 7 Trustee for the Estate.

2.     On August 16, 2022, Debtor filed Schedule A/B identifying an ownership interest in real property commonly known as 68065 Empalmo Rd., Cathedral City, CA 92234 ("Property"), which is Debtor's primary residence, and valuing the Property at $530,000.

3.     On August 16, 2022, Debtor filed Schedule C and Scheduled D, claiming a homestead exemption of $400,500, and scheduling a mortgage debt of $202,156 and multiple other liens secured against the Property totaling $2,547,044.79. The majority of the scheduled liens are held by the Internal Revenue Service and the Franchise Tax Board.

4.     Debtor filed an Amended Schedule A/B on February 2, 2023, leaving the valuation of the Property unchanged at $530,000. However, Debtor's Amended Schedule C filed on February 2, 2023, claiming a reduced homestead exemption of $1,225 for the Property.

5.     The initial 341(a) meeting of creditors was held on September 8, 2022, and a continued 341(a) meeting is scheduled for February 28, 2023.

6.     On November 22, 2022, the Trustee filed a Notification of Asset Case which set a claims bar date of February 27, 2023.

7.     On December 13, 2022, the Franchise Tax Board ("FTB") filed Proof of Claim 8-1 for a total of $181,911.97 ("Claim 8"). The FTB's Claim 8 is comprised of a secured balance of $173,003.14, secured against the Debtor's principal residence, and an unsecured balance of $8,908.83.

8.     On February 10, 2023, the Internal Revenue Service ("IRS") filed Proof of Claim 9-2 for a total of $877,309.14 ("Claim 9"). The IRS's Claim 9 is comprised of a secured balance of $839,185.61, secured against the Debtor's principal residence, and an unsecured amount of $38,123.53.

9.     On January 26, 2023, the Riverside County Tax Collector ("RTC") filed Proof of Claim 11-1 for a total of $3,982.54 ("Claim 11"). The RTC's Claim 11 includes an amount of $2,081.05 for the 2022 property taxes owed on the Property.

10.     Based upon the multiple liens totalling in excess of $2.5 million secured against the Property, there would be no equity remaining for the Estate.  However, pursuant to 11 U. S. C. §§ 724(a), 726(a)(4) and 551 the Trustee may avoid all tax penalties and interest attributable to penalties and preserve them for the benefit of the Estate.

11.     Based upon a Property valuation of $530,000, the Trustee's calculation reflects that the secured balance of FTB Claim 8 included amounts attributable to penalties and interest on penalties in the amount of $4,795.33 and the secured balance of IRS's Claim 9 included amounts attributable to penalties and interest on penalties in the amount of $59,263.14, for a total of $64,058.47.  *See* tables below.

### Calculation of Amounts Preserved for the Estate:

| Tax Authority | Lien Recorded Date | Tax Period | Lien Amount on Petition Date | Principal of Tax | Penalty to Petition Date | Interest to Petition Date | Costs to Petition Date | Interest Attributable to Penalties | Interest Attributable to Principal | Preserved for Estate | Payable to Tax Authority |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FTB | 04/25/07 | 2005 | $4,255.05 | $0.00 | $0.00 | $4,093.05 | $162.00 | $1,167.75 | $2,925.30 | $1,167.75 | $3,087.30 |
| FTB | 12/24/09 | 2006 | $17,597.17 | $6,861.42 | $1,781.75 | $8,954.00 | $0.00 | $1,845.83 | $7,108.17 | $3,627.58 | $50,370.61 |
|  | 12/24/09 | 2007 | $16,430.99 | $9,280.54 | $0.00 | $7,150.45 | $0.00 | $0 | $7,150.45 |  |  |
|  | 12/24/09 | 2008 | $19,970.03 | $11,270.80 | $0.00 | $8,679.23 | $20.00 | $0 | $8,679.23 |  |  |
| IRS | 06/14/13 | 2006 | $68,889.62 | $26,523.00 | $19,262.97 | $23,103.65 | $0.00 | $9,720.12 | $13,383.53 | $59,263.14 | $165,846.57 |
|  | 06/14/13 | 2007 | $48,903.09 | $25,070.81 | $5,490.58 | $18,341.70 | $0.00 | $3,295.22 | $15,046.48 |  |  |
|  | 06/14/13 | 2008 | $79,747.81 | $42,032.00 | $10,753.26 | $26,962.55 | $0.00 | $5,492.73 | $21,469.82 |  |  |
|  | 06/14/13 | 2009 | $46,934.77 | $25,074.00 | $7,090.48 | $14,770.29 | $0.00 | $3,256.03 | $11,514.26 |  |  |
|  |  |  |  |  |  |  |  |  |  | $64,058.47 | $165,846.57 |

### Equity Analysis:
#### 68065 Empalmo Rd., Cathedral City, CA 92234 ("Property")

|  |  | Payable to Claimant (Principal, Cost and Interest on Principal) | Preserved for Estate (Penalties and Penalty Interest) |
|---|---|---|---|
| Property Valuation (Schedule A) | $530,000.00 |  |  |
| Cost of Sale (8%) | ($42,400) |  |  |
| Property Tax (POC No. 11) | ($2,081.05) |  |  |
| Mortgage Lien (6/2005) | ($202,156) |  |  |
| FTB (POC No. 8, secured portion, Period 2005-2008) | ($58,253.24) | ($53,457.91) | ($4,795.33) |
| IRS (POC No. 9, secured portion, Period 2006-2009) | ($244,475.29) | ($165,846.57)* *Pro-rata share of remaining equity. An amount of $14,267.33 has been excluded as it is not supported by Equity. | ($59,263.14)* *Pro-rata share of remaining equity. An amount of $5,098.25 has been excluded as it is not supported by Equity. |
| **Total:** | **($19,365.58)\*\*** | **Total Preserved for Estate: $64,058.47** | |

** Debtor's claimed exemption of $1,225 and further multiple liens secured against the Property have been omitted from the equity analysis as there is no equity remaining in the Property after payment of the above referenced liens and costs.

Exhibit 1

12.    Debtor's Amended Schedule A/B also identified personal property, which included a 2016 Forest RIV Prism PRC2250 (scheduled as a Mercedes Sprinter 3500 C Class), 2021 Cadillac CT4 Luxury Sedan, 2015 Harley Davidson Electric Guide, Sanderson & Daughter Services, Inc., and various other property ("Personal Property").  The Trustee has reviewed and analyzed the valuation, debts and respective exemptions claimed by the Debtor for the Personal Property, and the Trustee has determined that there is no value for the Estate.  *See* table below:

**Personal Property Assets:**

| Asset | Value | Liens | Claimed Exemption | Estimated Cost of Sale | Equity for Estate |
|---|---|---|---|---|---|
| 2016 Forest RIV Prism PRC2250 (scheduled as Mercedes Sprinter 3500 C Class, mileage 1800) | $80,000 - Scheduled $84,850 (JD Power - Avg. Retail) | $69,201.10 (POC #3) | $3,625 | $16,970 (20%) | $0 |
| Cadillac CT4 Luxury Sedan 2021 (mileage 21,000) | $32,300 - Scheduled $25,300 - (Car Max Value) | $0 | $32,300 ($25,925 + $6,375) | - | $0 |
| Harley Davidson Electric Glide (2015 FLHXS Street Glide Special with a 1690 cc engine, mileage 1800) | $20,000 - scheduled $19,910 - KBB (Typical Listing Price) | $22,775 (Scheduled) | - | - | $0 |
| Sanderson & Daughter Services, Inc. (100%) ("Business") | $0 - Scheduled | $0 | - | - | $0 |
| Guns (various) | $4,500 - Scheduled | $0 | $4,500 | - | $0 |
| Household Goods & Furnishings | $1,000 - Scheduled | $0 | $1,000 | - | $0 |
| Miscellaneous Electronics | $500 - Scheduled | $0 | $500 | - | $0 |
| Clothes | $500 - Scheduled | $0 | 100% | - | |
| Cash | $2000 - Scheduled | $0 | $2,000 | - | $0 |
| Pacific Life Insurance | $14305.93 - Scheduled | $0 | $14,305.93 | - | $0 |
| | | | | Total: | $0 |

13.    The Debtor and the Trustee have agreed that the Debtor will pay a total sum of $64,000 to purchase the Estate's interest in the Property, subject to all existing liens by paying a $10,000 down payment at the execution of the Settltment Agreement and eight (8) monthly installment payments at $6,750, commencing 30 days after the execution of the Settlement Agreement by Debtor.

14.    Based upon the foregoing and in order to eliminate the need for the Trustee to sell or liquidate the Property or Personal Property, the Parties have agreed to settle this matter for an amount of $64,000.

**Exhibit 1**

## II.  AGREEMENT

In complete satisfaction of all claims in connection with the Property for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto enter into this Settlement Agreement as follows:

A.      This Settlement Agreement is subject to the approval of the Bankruptcy Court and is of no force or effect until approved by the Bankruptcy Court;

B.      The Debtor agrees to pay the Bankruptcy Estate the total sum of $64,000.00 ("Settlement Payment") for the Estate's interest in the Property and Personal Property.

C.      The Settlement Payment shall be paid as follows:
   1. $10,000 due at execution of this Settlement Agreement by the Debtor;
   2. Eight (8) installments of $6,750 commencing 30 days after the execution of the Settlement Agreement by Debtor;

D.      In the event Debtor fails to timely tender the required payments, the Trustee shall be entitled to notify Debtor and Debtor's counsel via email of said default in writing.  Should Debtor fail to cure the default within five (5) days of the date of the notice, then the Trustee shall be entitled to a judgment of $75,000.  The Trustee may satisfy this judgment through the liquidation of debtor's exempt and non-exempt assets, and the Trustee's judgment must to be satisfied in advance of any payment to Debtor for his claimed exemptions.

E.      The payment shall be made payable to "A. Cisneros, Trustee of the Estate of Ronald David Sanderson" and sent to 3403 10th Street, Suite 714, Riverside, CA 92501.

F.      Upon Bankruptcy Court approval of the settlement, and receipt of the Settlement Payment in full, the Bankruptcy Estate's interest in the Property shall be deemed fully administered and/or abandoned by the Estate.

## III.  AGREEMENT EFFECTIVE DATE

Each of the Parties expressly acknowledge that this Settlement Agreement must be approved by the United States Bankruptcy Court, Central District of California.  Accordingly, the effective date of this Settlement Agreement will be that date which corresponds to the date of entry of an Order of that Court expressly approving this Settlement Agreement.  However, once this Settlement Agreement is executed by a Party, that Party may not object to the Trustee's motion to approve this Settlement Agreement.

## IV.  LIMITED MUTUAL GENERAL RELEASES

Excepting only the obligations created by this Settlement Agreement, the Debtor on the one hand, and the Trustee, on the other hand, hereby release, acquit and forever discharge each other, and each of their present and past assignors, assignees, attorneys, and spouses of and from any claim, rights, debts, liabilities, causes of action, costs or demands of whatever nature which Debtor, on the one hand, and the Trustee, on the other hand, have or may claim to have at this time, or at any time heretofore, against each other with respect to the Property and Personal Property.  This is a limited mutual release and is intended to release claims between the Debtor and the Trustee with respect to the Property and Personal Property.

Exhibit 1

## V. <u>ADVICE OF COUNSEL</u>

The Parties execute this Settlement Agreement acting upon their independent judgment and/or upon the advice of their respective counsel without any representations or inducements, express or implied, of any kind or nature, from each to the other, except as specifically set forth herein.

## VI. <u>DISPUTE RESOLUTION</u>

This Settlement Agreement and the rights, remedies or obligations provided for hereunder, shall be construed and enforced in accordance with the laws of the State of California.   If any dispute shall arise between the Parties regarding the enforcement of the terms and conditions of this Settlement Agreement, the "prevailing party" shall be entitled to be reimbursed for all costs, including reasonable attorney fees, as set by a court of competent jurisdiction.   Any disputes concerning this Settlement Agreement shall be determined exclusively by the United States Bankruptcy Court for the Central District of California, Riverside Division, without any right to a jury trial.

## VII. <u>MISCELLANEOUS</u>

A.    The Parties hereto, and each of them, are the sole and lawful owners of all right, title and interest in and to every claim and other matter which each such party releases herein, and represent that each such party has not heretofore assigned or transferred, or purported to assign or transfer to any person, firm or entity any claims or other matters herein released.

B    This Settlement Agreement shall be binding upon the successors, heirs, assigns, lien claimants, personal representatives and all others including, but not limited to, individuals, partnerships and corporations connected with the claims previously mentioned herein in this Settlement Agreement.

C.    Except as provided in this Settlement Agreement, each party shall bear its own costs and attorneys' fees.

D.    If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this Settlement Agreement.  This Settlement Agreement, its validity, the construction of its terms and the interpretation of rights and duties of the Parties hereto, shall be governed and construed under the laws of the State of California.

E.    This Settlement Agreement is the product of negotiation among the Parties hereto and represents the jointly conceived, bargained-for and agreed-upon language mutually determined by the Parties to express their intentions in entering into this Settlement Agreement.  Any ambiguity or uncertainty in this Settlement Agreement shall be deemed to be caused by, or attributable to, all parties hereto equally and collectively.  In any action to enforce or interpret this Settlement Agreement, the Settlement Agreement shall be construed in a neutral manner, and no term or provision of this Settlement Agreement or the Settlement Agreement as a whole, shall be construed more or less favorably to any party to this Settlement Agreement.

Exhibit 1

F.    This Settlement Agreement may be executed in one or more counterparts, each of which, after each party has signed and delivered at least one such counterpart to Trustee, shall have the same force and effect as an original executed by all Parties.

## VIII.  REPRESENTATIONS AND WARRANTIES

The Parties and signatories hereby each represent, covenant and warrant that:

A.    They have had the opportunity to consult with independent counsel of their choosing with regard to the advisability of entering into this Settlement Agreement; and

B.    They have not previously assigned any claims released or assigned in this Settlement Agreement, in whole or in part, or taken any other steps which would adversely affect the rights which are the subject of this Settlement Agreement.

## IX.  WAIVER

No breach of any provision of this Settlement Agreement can be waived unless in writing.  Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

*IN WITNESS WHEREOF* the Parties hereto have accepted this Settlement Agreement on the dates specified below:

AGREED AND ACCEPTED BY:

Dated: 2/24/23

_____
A. Cisneros, Chapter 7 Trustee

Dated: 2-23-23

_____
Ronald David Sanderson, Debtor

APPROVED AS TO FORM AND CONTENT:

Dated: 2/23/2023

_____
Timothy S/Huyck
Law Offices of Timothy S. Huyck
Attorney for Ronald David Sanderson

Dated: 3/8/2023

_____
Christina J. Khil
Malcolm ♦ Cisneros, A Law Corporation
Attorney for A. Cisneros, Chapter 7 Trustee

Settlement Agreement
*In re Sanderson*
Bankruptcy Case No. 6:22-bk-12947-RB

Page 7 of 7

Exhibit 1

EXHIBIT 2

<table>
<tr>
<td>
Attorney or Party Name, Address, Telephone & FAX<br>
Nos., State Bar No. & Email Address<br>
NATHAN F. SMITH #264635<br>
CHRISTINA J. KHIL, #266845<br>
MALCOLM ♦ CISNEROS, A Law Corporation<br>
2112 Business Center Drive<br>
Irvine, California  92612<br>
Phone: (949) 252-9400 (TELEPHONE)<br>
Fax: (949) 252-1032 (FACSIMILE)<br>
Email: nathan@mclaw.org; christinao@mclaw.org
</td>
<td>FOR COURT USE ONLY</td>
</tr>
</table>

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* A. Cisneros, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

In re:

RONALD DAVID SANDERSON

CASE NO.: 6:22-bk-12947-RB

CHAPTER: 7

**NOTICE OF OPPORTUNITY TO
REQUEST A HEARING ON MOTION**

**[LBR 9013-1(o)]**

Debtor(s).

[No hearing unless requested in writing]

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) A. Cisneros, Chapter 7 Trustee                                                                ,
    filed a motion or application (Motion) entitled Trustee's Motion to Approve Compromise of Controversy;
    Memorandum of Points and Authorities; and Declaration of A. Cisneros                                   .

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a
    party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

    ☐  The full Motion is attached to this notice; or

    ☒  The full Motion was filed with the court as docket entry # 60   , and a detailed description of the relief sought is
       attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to
    LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve
    a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if
    you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: ___03/24/2023___

_/s/Christina J. Khil_____
Signature of Movant or attorney for Movant

_Christina J. Khil_____
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| In re:<br>RONALD DAVID SANDERSON | Debtor(s). | Chapter 7<br>Case No. 6:22-BK-12947-RB |
|---|---|---|

### TITLE OF MOTION:

TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF A. CISNEROS ("MOTION")

A complete copy of the MOTION may be obtained upon request by contacting the Clerk's Office at the United States Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501-3819; or by contacting the office of the Trustee's counsel, Malcolm & Cisneros, Attn:    Christina Khil (christinao@mclaw.org).

### SUMMARY OF MOTION:

INTRODUCTION

      Trustee seeks approval of a Settlement Agreement, entered into by and between Trustee and Debtor, providing for Debtor's purchase of the Estate's interest in Debtor's over-encumbered residence located at 68065 Empalmo Rd., Cathedral City, California, 92234 ("Property") and Debtor's personal property.    The Property is valued at $530,000 and    encumbered by liens in excess of $2.5 million dollars. Trustee has determined that there is no equity in Debtor's personal property.    However, with regard to the Property, Trustee determined that he could avoid $64,058.47 in tax penalties and interest attributable to penalties owed to the Internal Revenue Service and the Franchise Tax Board, and preserve them for the benefit of the Estate. Pursuant to the Settlement Agreement, Debtor would purchase the Estate's interest in Debtor's Property and personal property assets for $64,000.    Through the Settlement Agreement, Trustee would avoid the expense and delay of pursing a sale of the Property, which could involve prolonged marketing, a lower sale price, and potential opposition from lienholders, all of which would result in a reduced return to unsecured creditors.    Trustee believes the Settlement Agreement is fair, reasonable, and in the best interests of the Estate and its creditors and seeks approval of it.    Finally, the Settlement Agreement allows the Debtor to retain his residence.

BACKGROUND

1.      On August 4, 2022 ("Petition Date"), the Debtor, Ronald David Sanderson filed a petition for relief under Chapter 7 of the Bankruptcy Code in the Riverside Division of the United States Bankruptcy Court, Central District of California, which was assigned Case No. 6:22-bk-12947-RB ("Petition" or "Case").    Thereafter, A. Cisneros was appointed as Chapter 7 Trustee for the Estate.

2.      On August 16, 2022, Debtor filed Schedule A/B identifying an ownership interest in real property commonly known as 68065 Empalmo Rd., Cathedral City, CA 92234, which is Debtor's primary residence.    The Debtor valued the Property at $530,000.

3.      On August 16, 2022, Debtor filed Schedule C and Scheduled D, claiming a homestead exemption of $400,500, and scheduling a mortgage debt of $202,156 and multiple other liens secured against the Property totaling $2,547,044.79.    The majority of the scheduled liens are held by the Internal Revenue Service and the Franchise Tax Board.

4.      On February 2, 2023, Debtor filed amended Schedule A/B to identify a 2021 Cadillac CT4 Luxury Sedan ("Cadillac") valued at $32,300.    In order to protect Debtor's interest in the Cadillac, Debtor filed an amended Schedule C to claim a total exemption of $32,300 on the Cadillac and reduced his homestead exemption to $1,225 for the Property.

5.      The initial 341(a) meeting of creditors was held on September 8, 2022, and concluded on February 28, 2023.

6.      On November 22, 2022, Trustee filed a Notification of Asset Case which set a claims bar date of February 27, 2023.

7.      On December 13, 2022, the Franchise Tax Board ("FTB") filed Proof of Claim 8-1 for a total of $181,911.97 ("Claim 8").    The FTB's Claim 8 is comprised of a secured balance of $173,003.14, secured against the Debtor's principal residence, and an unsecured balance of $8,908.83.

8.      On February 10, 2023, the Internal Revenue Service ("IRS") filed Proof of Claim 9-2 for a total of $877,309.14 ("Claim 9").    The IRS's Claim 9 is comprised of a secured balance of $839,185.61, secured against the Debtor's principal residence, and an unsecured amount of $38,123.53.

9.      On January 26, 2023, the Riverside County Tax Collector ("RTC") filed Proof of Claim 11-1 for a total of $3,982.54 ("Claim 11").    The RTC's Claim 11 includes an amount of $2,081.05 for the 2022 property taxes owed on the Property.

10.      Based upon the multiple liens totaling in excess of $2.5 million secured against the Property, there would be no equity remaining for the Estate.    However, pursuant to 11 U. S. C. §§ 724(a), 726(a)(4) and 551 Trustee may avoid all tax penalties and interest attributable to penalties and preserve them for the benefit of the Estate.

11.      Based upon a Property valuation of $530,000, Trustee's calculation reflects that the secured balance of FTB Claim 8 included amounts attributable to penalties and interest on penalties in the amount of $4,795.33 and the secured balance of IRS's Claim 9 included amounts attributable to penalties and interest on penalties in the amount of $59,263.14, for a total of

| In re:<br>RONALD DAVID SANDERSON | Debtor(s). | Chapter 7<br>Case No. 6:22-BK-12947-RB |
|---|---|---|

$64,058.47.

12.    Debtor's Amended Schedule A/B also identified personal property, which included a 2016 Forest RIV Prism PRC2250 (scheduled as a Mercedes Sprinter 3500 C Class), the Cadillac, 2015 Harley Davidson Electric Guide, Sanderson & Daughter Services, Inc., Guns, Household Goods & Furnishings, Miscellaneous Electronics, Clothes, Cash and Pacific Life Insurance ("Personal Property").    Trustee has reviewed and analyzed the valuation, debts and respective amended exemptions claimed by the Debtor for the Personal Property, and Trustee has determined that there is no value for the Estate, as provided in the table below:

| Asset | Value | Liens | Claimed Exemption | Estimated Cost of Sale | Equity for Estate |
|---|---|---|---|---|---|
| 2016 Forest RIV Prism PRC2250 (scheduled as Mercedes Sprinter 3500 C Class, mileage 3500) | $80,000 - Scheduled $84,850 (JD Power - Avg. Retail) | $69,201.10 (POC #3) | $3,625 | $16,970 (20%) | $0 |
| Cadillac CT4 Luxury Sedan 2021 (mileage 21,000) | $32,300 - Scheduled $25,300 - (Car Max Value) | $0 | $32,300 ($25,925 + $6,375) | - | $0 |
| Harley Davidson Electric Glide (2015 FLHXS Street Glide Special with a 1690 cc engine, mileage 1800) | $20,000 - scheduled $19,910 - KBB (Typical Listing Price) | $22,775 (Scheduled) | - | - | $0 |
| Sanderson & Daughter Services, Inc. (100%) ("Business") | $0 - Scheduled | $0 | - | - | $0 |
| Guns (various) | $4,500 - Scheduled | $0 | $4,500 | - | $0 |
| Household Goods & Furnishings | $1,000 - Scheduled | $0 | $1,000 | - | $0 |
| Miscellaneous Electronics | $500 - Scheduled | $0 | $500 | - | $0 |
| Clothes | $500 - Scheduled | $0 | 100% | - | |
| Cash | $2000 - Scheduled | $0 | $2,000 | - | $0 |
| Pacific Life Insurance | $14,305.93 - Scheduled | $0 | $14,305.93 | - | $0 |
| | | | | **Total:** | **$0** |

13.    The Debtor and Trustee have agreed that the Debtor will pay a total sum of $64,000 to purchase the Estate's interest in the Property and Personal Property, subject to all existing liens by paying a $10,000 down payment at the execution of the Settlement Agreement and eight (8) monthly installment payments at $6,750, commencing 30 days after the execution of the Settlement Agreement by Debtor.

14.    Based upon the foregoing and in order to eliminate the need for Trustee to sell or liquidate the Property or Personal Property, the Parties have agreed to settle this matter for an amount of $64,000.    The terms of which are set forth below.

**SETTLEMENT AGREEMENT:**

15.    Trustee and Debtor entered into a Settlement Agreement and Mutual Release ("Settlement Agreement").    A true and correct copy of the Settlement Agreement is attached to the accompanying declaration of A. Cisneros as Exhibit "1."    The primary terms of the Settlement Agreement are as follows:

a.    The Settlement Agreement is subject to the approval of the Bankruptcy Court and is of no force or effect until

| In re:<br>RONALD DAVID SANDERSON | | Debtor(s). | Chapter 7<br>Case No. 6:22-BK-12947-RB |
| --- | --- | --- | --- |

      approved by the Bankruptcy Court;

b.    The Debtor agrees to pay the Bankruptcy Estate the sum of $64,000.00 for the Estate's interest in the Property and Personal Property ("Settlement Payment");

c.    The Settlement Payment shall be paid as follows:

i.    $10,000 due at execution of this Settlement Agreement by the Debtor;

ii.    Eight (8) installments of $6,750 commencing 30 days after the execution of the Settlement Agreement by Debtor;

d.    In the event Debtor fails to timely tender the required payments, Trustee shall be entitled to notify Debtor and Debtor's counsel via email of said default in writing.   Should Debtor fail to cure the default within five (5) days of the date of the notice, then Trustee shall be entitled to a judgment of $75,000.   Trustee may satisfy this judgment through the liquidation of debtor's exempt and non-exempt assets, and Trustee's judgment must to be satisfied in advance of any payment to Debtor for his claimed exemptions;

e.    The payment shall be made payable to "A. Cisneros, Trustee of the Estate of Ronald David Sanderson" and sent to 3403 10th Street., Suite 714, Riverside, CA 92501;

f.    Upon Bankruptcy Court approval of the settlement, and receipt of the Settlement Payment in full, the Bankruptcy Estate's interest in the Property shall be deemed fully administered and/or abandoned by the Estate.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 2112 Business Center Drive, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 03/27/2023   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 OFFICE OF U.S. TRUSTEE: United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
 CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)     amctrustee@mclaw.org, acisneros@iq7technology.com;
 ecf.alert+Cisneros@titlexi.com

 ☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 03/27/2023   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

 DEBTOR: Ronald David Sanderson, 68065 Empalmo Road, Cathedral City, CA 92234

 ☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

 ☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/27/2023 | Diep Quach | /s/ Diep Quach |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**SECTION 1 CONT.**
NOTICE: Chad L Butler    caecf@tblaw.com
NOTICE: Timothy S Huyck    lawyer@gartlandgroup.com, jaclyn@myfreshstartbegins.com;
huyck.timothys.r99655@notify.bestcase.com; amanda@myfreshstartbegins.com; tim@myfreshstartbegins.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mceecfnotices@ecf.courtdrive.com;
cvalenzuela@mclaw.org

**SECTION 2 CONT.**

ACAR Leasing LTD
d/b/a GM Financial Leasing
P.O. Box 183853
Arlington, TX 76096

Ace Funding Source LLC
c/o Buchalter, APC
55 Second Street, #1700
San Francisco, CA 94105

~~Ace Funding Source, LLC~~
~~100 William Street, 9th Floor~~
~~New York, NY 10038~~
*01/03/2023 – return to sender, not deliverable as
addressed, unable to forward*

Aires Law Firm
6 Hughes, Ste. 205
Irvine, CA 92618

American Express National Bank
c/o Zwicker & Associates, P.C.
700 N. Brand Bl., Ste. 500
Glendale, CA 91203

American Express National Bank
c/o Becket and Lee
LLP PO Box 3001
Malvern PA 19355-0701

Amex
P.o. Box 981537
El Paso, TX 79998

~~Ariel Bouskila, Esq.~~
~~40 Exchange Place, Suite 1306~~
~~New York, NY 10005~~
*01/03/2023 – return to sender, not deliverable as
addressed, unable to forward*

~~Bank of America~~
~~Attn: Bankruptcy Ne4-105-03-14~~
~~Po Box 26012~~
~~Greensboro, NC 27420~~
*01/06/2023 - return to sender, not deliverable as
addressed, unable to forward*

Bank of America, N.A.
PO BOX 31785
Tampa, FL 33631-3785

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

Employment Development Department
Bankruptcy Group MIC 92E
PO BOX 826880
Sacramento, CA 95814

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

FTB Bankruptcy Unit
MSA340
Po Box 2952
Sacramento, CA 95812-2952

Harley Davidson Financial
Attn: Bankruptcy
Po Box 22048
Carson City, NV 89721

IRS
Po Box 7346
Philadelphia, PA 19101

~~Journal Broadcast Group~~
~~333 West State Street~~
~~Milwaukee, WI 53203~~
*01/03/2023 – return to sender, not deliverable as
addressed, unable to forward*

Journal Broadcast Group
c/o Troy W. Stanton, Esq.
P.O. Box 880
Yorba Linda, CA 92885

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090

Midland Fund
Attn: Bankruptcy
350 Camino De La Reine, Suite 100
San Diego, CA 92108

Midland Funding, LLC
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193

ML Factors Limited Liability Co.
c/o Law Offices of Todd F. Haines
30495 Canwood St., Ste. 100
Agoura Hills, CA 91301

~~New Era Lending, LLC~~
~~762 N Orange St.~~
~~Wilmington, DE 19801-4738~~
*01/04/2023 – return to sender, attempted not known,
unable to forward*

Portfolio Recovery Associates, LLC
Attn: Bankruptcy
120 Corporate Boulevard
Norfolk, VA 23502

Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Riverside County Tax Collector
4080 Lemon St 4th Floor
Riverside, CA 92501

Riverside County Treasurer-Tax Coll
P.O. Box 12005
Riverside, CA 92502-2205

Sarah Clemens
4640 Admiralty Way, 5th Floor
Marina Del Rey, CA 90292

Select Portfolio Servicing, Inc
10401 Deerwood Park Blvd
Jacksonville, FL 32256

Wakefield & Associates
Attn: Bankruptcy
7005 Middlebrook Pike
Knoxville, TN 37909

Wesco Insurance Company
800 Superior Ave. E, 21st
Floor Cleveland, OH 44114