NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 6:22-bk-12947-RB |
| RONALD DAVID SANDERSON, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, DONALD T. FIFE, AND PROPOSED BUYER IN SUPPORT HEREOF** |
| | [68065 Empalmo Road, Cathedral City, California 92234 – Assessor's Parcel Number 675-072-006] |
| | <u>Hearing:</u><br>Date:  March 19, 2024<br>Time: 11:00 a.m.<br>Place: Via Zoom Teleconference |

TO THE HONORABLE MAGDALENA REYES-BORDEAUX, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:

A. Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Ronald David Sanderson ("Debtor"), hereby moves the Court for an Order: (1) Authorizing the Sale of the Property Commonly Known as 68065 Empalmo Road, Cathedral City, California 92234 [APN: 675-072-006] ("Property") Free And Clear of Liens and Interests Pursuant to 11 U.S.C. § 363(f)[1]; (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed Buyer is a "Good Faith Purchaser" Under § 363(m); and (6) Waiving the 14-day stay of Federal Rule of Bankruptcy Procedure ("FRBP") 6004(h) ("Motion").  In support hereof, Trustee submits the following:

## I.    <u>SUMMARY.</u>

Subject to Court approval and overbid, Trustee has accepted an offer from Yessy Rojas ("Buyer"), to purchase the Property for $491,000.

In Trustee's business judgment, the Property has a fair market value of at least $491,000.

The sale of the Property is in the best interests of creditors and the Estate.  Predicated on the granting of the Motion, and if $491,000 is the winning bid at the auction, the Estate will receive net proceeds of approximately $64,058.47 based on Trustee's avoidance of penalty and interest on penalty portion of tax liens in favor of the Franchise Tax Board ("FTB") and Internal Revenue Service ("IRS") under § 724.  Trustee also proposes to pay costs of sale, including broker commission of 6%, approximately $210,000 to U.S. Bank, N.A. ("USB") on account of its deed of trust, which will be paid in full, approximately $2,000 to Riverside County on account of real property taxes owed, approximately $60,000 to the FTB, and approximately $100,000 to the IRS.

In light of USB obtaining relief from stay to proceed with foreclosure, the holders of tax and judgment liens against the Property could be compelled to accept less than the amount owed to them in the event of a foreclosure of USB's deed of trust.  Therefore, Trustee seeks to sell the Property

---

[1] Unless otherwise indicated, all statutory references herein pertain to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

Motion to Sell

free and clear of all such liens pursuant to § 363(f)(5).

**II.    BACKGROUND.**

**A.    The Filing of the Petition, Property, and Liens Against it.**

1.      This case was commenced on August 4, 2022, with the filing of a petition under Chapter 7 of the Bankruptcy Code ("Petition").  *See* Docket Entry ("DE") 1.

2.      Trustee is the duly appointed and acting Chapter 7 Trustee of Debtor's bankruptcy estate ("Estate").  *See* DE 4.

3.      On August 16, 2022, Debtor filed his sworn Schedule A/B identifying his ownership interest in the Property.  *See* DE 20.

4.      On August 16, 2022, Debtor filed his sworn Schedules C and D, wherein he claimed a homestead exemption of $400,500 under California Code of Civil Procedure § 704.730, identified a $202,156 first priority deed of trust against it, and identified $2,547,044.79 in judgment and tax liens.  *See* DE 20.

5.      On November 22, 2022, Trustee filed a Notice of Assets and set a claims bar date of February 27, 2023.  *See* DE 41.

6.      On February 2, 2023, Debtor filed an amended Schedule C, wherein he reduced his claimed homestead exemption to $1,225.  *See* DE 56.

7.      The initial 11 U.S.C. § 341(a) meeting of creditors was held on September 8, 2022, and concluded on February 28, 2023.  *See* DE 57.

**B.    The FTB and IRS Tax Liens Against the Property.**

8.      On December 13, 2022, the Franchise Tax Board ("FTB") filed Proof of Claim 8-1 for a total of $181,911.97 ("FTB Claim").  The FTB's Claim is comprised of a secured balance of $173,003.14, secured against the Debtor's principal residence, and an unsecured balance of $8,908.83.

9.      The FTB Claim includes $4,795.33 in penalties and interest on penalties.

10.     On February 10, 2023, the Internal Revenue Service ("IRS") filed Proof of Claim 9-2 for a total of $877,309.14 ("IRS Claim").  The IRS Claim is comprised of a secured balance of $839,185.61, secured against the Debtor's principal residence, and an unsecured amount of

Motion to Sell

$38,123.53.

11.    The IRS Claim includes $59,263.14 in penalties and interest on penalties.

**C.    The Settlement Agreement with Debtor and Motion for Relief.**

12.    In March, 2023, Trustee and Debtor entered into a settlement agreement, whereby Debtor agreed to pay the Estate $64,000 in exchange for the Estate's interest in the Property and certain personal property and maintain mortgage payments, real property taxes, and hazard insurance until the settlement amount was paid in full ("Settlement"). *See* DE 60.

13.    Pursuant to the Settlement, Debtor paid Trustee $10,000 upon execution of the Agreement and agreed to pay the balance in eight installments of $6,750. *See* DE 60.

14.    On April 27, 2023, USB filed a motion for relief from stay with regard to the Property. According to the Motion for Relief, $202,090.03 was owed under the first priority deed of trust as of March 23, 2023. *See* DE 74.

15.    On June 9, 2023, the Court entered an order granting the Motion for Relief. *See* DE 83.

16.    On August 7, 2023, the Court entered an order approving the Settlement. *See* DE 97.

**D.    Debtor's Breach of the Settlement Agreement and Trustee's Employment of a Real Estate Broker to Sell the Property.**

17.    Although Debtor paid the initial $10,000 to Trustee, he failed to tender any further funds, in breach of the Agreement. Based on the Agreement, Debtor's breach entitled Trustee to a judgment against Debtor in the amount of $75,000, which must be paid prior to Debtor's receipt of any funds on an account of his homestead exemption. *See* DE 60.

18.    On August 25, 2023, Trustee filed an application to employ Brian Thompson as his real estate broker ("Broker") for the purposes of marketing and selling the Property. *See* DE 99.

19.    On September 12, 2023, Trustee filed a stipulation between Trustee and Debtor, wherein Debtor agreed that he was in default under the Settlement, consented to entry of a $75,000 judgment against him, which must be satisfied prior to his receipt of any funds on account of his claimed homestead exemption, and agreed to cooperate with Trustee's efforts to sell the Property. *See* DE 101.

Motion to Sell

20.    On September 18, 2023, the Court entered an order approving Trustee's application to employ broker.  *See* DE 103.

**E.    The Marketing of the Property and Accepted Offer of $491,000.**

21.    On December 18, 2023, Broker listed the Property for sale at $519,000 on the Multiple Listing Service ("MLS").

22.    Trustee has received and accepted an offer from Yessy Rojas ("Buyer") to purchase the Property for $491,000.  A true and correct copy of the offer is attached to the Declaration of A. Cisneros, filed concurrently herewith ("Trustee Declaration"), as Exhibit "1."

**III.    THE OFFER TO PURCHASE.**

23.    In summary, the Purchase Agreement provides as follows:

a.    Purchase Price:  Buyer has agreed to pay $491,000 for the Property.

b.    Closing of Sale:  The sale shall close as quickly as possible, but not later than 30 days after entry of a Bankruptcy Court order approving the sale.

c.    "As Is" and "Where-As":  The Property is being sold, "as-is – where-as," with no contingencies; thus, Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.

d.    Transfer of the Property:  Trustee will convey title to Buyer via a Trustee's Quitclaim Deed.

e.    Acknowledgement of Trustee's Capacity:  Buyer is expressly aware and fully informed that Trustee is selling the Property exclusively in his capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on Trustee's part is intended, and any liability is strictly the liability of the Estate.

f.    Approval of the Bankruptcy Court:  Buyer is aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

g.    Bankruptcy Jurisdiction:  Trustee is selling the Property in his capacity as Chapter 7 Trustee of the Estate.  As such, resolution of any and all disputes between Trustee and Buyer shall be resolved by the Bankruptcy Court.

24.    Trustee shall approve, in writing, all disbursements of sale proceeds.  Escrow shall

Motion to Sell

Main Document    Page 6 of 22

not be authorized to disburse any funds without Trustee's prior written approval.

25.    If Trustee is unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to Trustee, by being divested of title by the Court, because of the Lawsuit, or because the tax consequences of the sale are excessive, Buyer's sole damages shall be limited to a refund of the deposit less escrow and bond charges.

## IV.    <u>SALE FREE AND CLEAR OF LIENS AND INTERESTS.</u>

26.    According to a Preliminary Title Report obtained by Trustee, the Property is encumbered by the following liens:

      a.    Property tax liens totaling $1,950.97.

      b.    The deed of trust in favor of USB ("USB Deed of Trust").

      c.    FTB liens totaling $159,345.63.

      d.    IRS liens totaling $678,643.04.

      e.    A lien in favor of the California Employment Development Department in the amount of $17,983.44.

      f.    Judgment liens totaling $1,067,513.08.

A true and correct copy of the Preliminary Title Report is attached to Trustee Declaration as Exhibit "2."

27.    Trustee seeks authority to sell the Property "free and clear of any interest in such property of an entity..." § 363(f) allows such a sale if any of the five following conditions are met:

> "(1)    applicable non bankruptcy law permits sale of such property free and clear of such interest;
> (2)    such entity consents;
> (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4)    such interest is in bona fide dispute; or
> (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive, such that satisfaction of any one of the five conditions is sufficient to allow Trustee to sell property of the estate free and Clear of Liens and Interests. *In re Gerwer,* 898 F.2d 730 (9th Cir. 1990).

Motion to Sell

**A.**     **The Property May be Sold Free and Clear of the USB DOT Pursuant to §
363(f)(3).**

28.     Trustee's sale of the Property satisfies § 363(f)(3) because the Property is being sold
for $491,000, which exceeds the $202,090.03 owed under the USB DOT.

**B.**     **The FTB and IRS Liens are Subject to Partial Avoidance in the Amount of
$64,058.47.**

29.     According to FTB Claim, $4,795.33 of the claim is attributable to penalties and
interest.   According to the IRS Claim, $59,263.14 of the claim is attributable to penalties and
interest.   The $64,058.47 in penalties and interest included in the FTB and IRS liens are claims of a
kind specified in § 726(a)(4) and subject to avoidance under § 724(a).   Pursuant to §§ 551 and
349(b), the Trustee has the statutory right to preserve any liens avoided under § 724(a) for the
benefit of the estate.   *See In re Bolden,* 327 B.R. 657, 664 (Bankr. C.D. Cal. 2005).

**C.**     **The Property May be Sold Free and Clear of the Tax and Judgment Liens
Pursuant to § 363(f)(5).**

30.     The holders of the Tax Liens would receive only partial payment if USB foreclosed
its deed of trust in light of the approximately $210,000 owed to it, the FTB's approximately $60,000
in liens, recorded in 2017 and 2019, and the IRS's approximately $550,000 in liens recorded
between 2017 and 2019.   The holders of the Judgment Liens would receive nothing.   Therefore,
Trustee proposes to sell the Property free and clear of the Tax and Judgment liens pursuant to §
363(f)(5).   *See e.g. In Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions, LLC (In re Spanish
Peaks Holdings II, LLC),* 872 F.3d 892 (9th Cir. 2017); *In re Jolan*, 403 B.R. 866, 869-70 (Bankr.
W.D. Wash. 2009) but see *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25,
39-46 (9th Cir. BAP 2008).

31.     To the extent that any additional liens are discovered, Trustee proposes that the sale
be approved free and clear of said liens pursuant to § 363(f), with same to attach to the proceeds of
sale in the same order of priority, extent, and validity.

///

///

Motion to Sell

### V.      THE PROPOSED SALE IS FOR FAIR MARKET VALUE.

32.      The Property was listed on the Multiple Listing Service ("MLS") as well as several other real estate websites and was actively marketed by the Broker for $519,000 since December 18, 2023.  The Broker's marketing efforts resulted in the receipt the Buyer's offer of $491,000, which is the only offer that Trustee has received.  Following Debtor's turnover of the Property, Broker initiated and oversaw a significant clean up of the Property.

33.      As further evidence that the Property is being sold for fair market value, it continues to be marketed for overbids and will be marketed up to the time of the hearing on this Motion.

### VI.      THE REQUESTED OVERBID PROCEDURES SHOULD BE APPROVED.

34.      In order to obtain the highest and best offer for the benefit of creditors of the Estate, Trustee proposes that the following overbid procedures be approved.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

a)      Only qualified bidders may submit an overbid.  A "Qualified Bidder" is one who provides a financial statement, credit report, and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the Property, and one who can consummate the purchase of the Property on the same terms and conditions, other than price, as those proposed in the Offer.

b)      Each bid must be received by Trustee and his counsel no later than 2 business days prior to the hearing.

c)      The initial overbid must exceed the current highest bid of $491,000 by at least $10,000.  Here, the first overbid must be at least $501,000.  Each subsequent bid must then be in increments of at least $5,000.  For instance, the first subsequent bid must be at least $506,000.

d)      Each bid must be non-contingent, and on the same terms and conditions, other than price, as those proposed in the Purchase Agreement with Buyer.

e)      Each bidder must match all terms and conditions of the Purchase Agreement

Motion to Sell

with Buyer.  Thus, an "earnest money" deposit of at least $20,000 must be made.  Said deposit must be received by Trustee at 3403 10th Street, Suite 714, Riverside, California 92501 by no later than 2 business days prior to the hearing.  Said deposit must be in the form of a cashier's check or certified check.

f)    Should a bidder fail to qualify for financing or timely close escrow, the $20,000 deposit is non-refundable.  However, in the event that an overbidder becomes the successful purchaser, Buyer's deposit will be returned to Buyer.

g)    In the event there are no overbids received by Trustee, Buyer shall, subject to Court approval, be deemed the successful bidder, and the Estate's right, title and interest in the Property shall be sold to Buyer for the sum of $491,000, as-is, where-as, without representations or warranties.

35.    The foregoing procedures will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the Estate.

## VII.    THE COURT HAS AUTHORITY TO APPROVE THE OVERBID PROCEDURES.

36.    Implementation of the bidding procedures is an action outside the ordinary course of business. A trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." § 363(b)(1). Furthermore, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a). Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures.

37.    The Ninth Circuit has recognized the power of a Bankruptcy Court to issue orders determining the terms and conditions for overbids with respect to a sale of estate assets. *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982). The *Crown Corporation* Court entered an order specifying the minimum consideration required for an overbid as well as the particular contractual terms required to be offered by overbidders. *Id* at 777. The *Crown Corporation* decision also

Motion to Sell

approves of an order requiring and setting the amount of potential overbidders' deposits and authorized courts to determine the disposition of such deposits. *Id*. While the discussion is not extensive, the *Crown Corporation* decision recognizes the inherent authority of Bankruptcy Courts to order the implementation of bidding procedures such as those proposed in the present case.

**A.    The Proposed Procedures are Untainted by Self-Dealing.**

38.    The proposed overbid procedures have been presented in good faith and have been negotiated on an "arm's-length" basis. Therefore, the dealings between Trustee and the Proposed Buyer (or any successful Buyer) are not tainted.

**B.    The Proposed Procedures Encourage Bidding and are Fair in Amount.**

39.    The overbid procedures are designed to encourage, not hamper, bidding and are reasonable under the circumstances. This Motion is intended to provide potential overbidders with adequate information to make an informed decision as to the amount of their bid.

**C.    The Proposed Bidding Procedures are Fair, Reasonable and Serve the Best Interests of the Estate.**

40.    The proposed bidding procedures serve the Estate in several ways. First, the procedures themselves are fair, reasonable, and productive.  They will permit Trustee to conduct an orderly sale of the Property and obtain the best possible price on the best possible terms. Second, the bidding procedures are a necessary component of Trustee's sale of the Property.  The bidding procedures will ensure that all bids will be comparable. If competing bids are received, Trustee will determine which bid is the highest and best for the Estate. The comparability requirement of the bidding procedures will make it possible to accomplish this task.

41.    The bidding procedures will help Trustee to obtain the highest and best price for the Property. The procedures institute minimum overbid increments that Trustee believes are reasonable. Thus, if competing bids are received, Trustee will be able to obtain substantial benefit for this Estate from the sale of the Property. The bidding procedures require potential bidders to deposit certified funds prior to the hearing. It would be a serious loss to the Estate if Trustee surrendered the opportunity to sell the Property to Buyer in favor of a competing bidder, only to later discover that the bidder is incapable of consummating the transaction. Thus, requiring bidders to make a

Motion to Sell

substantial deposit will protect the Estate from such a loss.

## VIII. THE BROKER'S COMPENSATION SHOULD BE APPROVED.

42. On September 18, 2023, the Court granted Trustee's Application to Employ Broker.

43. Trustee and Broker have agreed that Broker will be compensated at a commission of 6% of the purchase price or overbid, as negotiated by Trustee.

44. Due to the facts of this case, Trustee has determined that the commission of 6% is reasonable and appropriate.

## IX. THE PROPOSED SALE SUBSTANTIALLY BENEFITS THE ESTATE.

45. The sale of the Property will benefit the estate as follows:

| Estimated Equity Analysis | |
|---|---:|
| Offer Received | $491,000 |
| Broker Commissions (6%) | ($29,460) |
| Estimated Costs of Sale (2%) | ($9,820) |
| Property Taxes – Riverside County | Estimated ($2,000) |
| First Priority Deed of Trust – USB | Estimated ($210,000) |
| FTB and IRS Lien Penalties and Interest Avoided Under § 724(a) and recovered and preserved for the benefit of the Estate under §§ 551 and 349(b).  *See In re Bolden*, 327 B.R. 657, 664 (Bankr. C.D. Cal. 2005). | ($64,058.47) |
| FTB Lien | Approximately ($60,642.53) |
| IRS Lien | Approximately ($102,308.03) |
| Judgment Liens | ($0.00) |
| **Net Proceeds the Estate** | **$64,058.47** |

## X. TAX CONSEQUENCES OF THE SALE.

46. Based on the review of Trustee's accountant, Donald T. Fife, CPA, the sale of the Property will likely result in no negative tax consequences to the Estate. *See* Declaration of Donald T. Fife, filed concurrently herewith.

## XI. PROPOSED DISTRIBUTION OF SALE PROCEEDS.

47. Trustee seeks authority for distribution of sale proceeds as follows:

a) For normal/customary escrow and closing costs;

b) Estimated $2,000.00 to Riverside County;

c) Estimated $210,000 to USB;

d) Approximately $60,000.00 to the FTB;

Motion to Sell

e)    Approximately $100,000 to the IRS; and

f)    $64,058.47 to the Estate.

## XII.    DETERMINATION OF GOOD FAITH PURCHASER.

48.    Trustee further seeks an Order determining that Buyer is a "Good Faith Purchaser" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

49.    Buyer participated in the negotiation of the Purchase Agreement.  Buyer is not an "insider" under § 101(31), in that neither Buyer nor her representatives are relatives or general partners of Debtor, nor is Debtor a partner, director, officer, or person in control of Buyer.

50.    There is no relationship between Trustee and Buyer.  Thus, the proposed sale is an arms-length transaction and is in good faith.

## XIII.    WAIVER OF THE STAY IS APPROPRIATE.

51.    The waiver of the stay imposed by FRBP 6004(h) is appropriate.   Time is of the essence because Buyer is able to close within 30 days of entry of the order approving this Motion and the stay of § 362(a) has been terminated with regard to the Property to allow USB to proceed with foreclosure.  Therefore, foreclosure of the USB Deed of Trust may proceed at any time.  In the event of a foreclosure by USB, it is unlikely that the Estate will receive anything.  Accordingly, Trustee requests that the Court waive the stay of FRBP 6004(h).

**WHEREFORE,** Trustee requests that the Court enter an order:

a.    Authorizing the sale of the Property to Buyer pursuant to §§ 363(b) and (f)(3), (5);

b.    Approving the overbid procedures;

c.    Approving the Broker's compensation;

d.    Authorizing the distributions as proposed herein;

e.    Determining that Buyer is a "Good Faith Purchaser" under § 363(m);

f.    Waiving the 14-day stay of FRBP 6004(h);

g.    Authorizing Trustee to sign any and all documents necessary, and to undertake any non-material amendments and modifications necessary, to complete the sale to the highest, qualified bidder without further notice, hearing, or Court order; and

Motion to Sell

1       h.    For such other and further orders as the Court deems just and proper.

2    DATED: February 26, 2024          Respectfully Submitted,

3                                       MALCOLM ♦ CISNEROS, A Law Corporation

4                                       */s/ Nathan F. Smith*

5                                       NATHAN F. SMITH, #264635
                                   *Attorneys for Chapter 7 Trustee, A. Cisneros*

Motion to Sell

13

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare as follows:

1.      I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Ronald David Sanderson ("Debtor"), Case No. 6:22-bk-12947-RB.

2.      In this capacity, I have personal knowledge of the facts stated herein or believe them to be true based upon information and belief, and, if called upon to testify thereto, I could and would do so competently and truthfully.

3.      I make this declaration in support of the Motion for Order (1) Authorizing Trustee to Sell Real Property Free and Clear of Liens and Interests Pursuant to § 363(f); (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed Buyer is a "Good Faith Purchaser" Under § 363(m); and (6) Waiving 14-Day Stay of FRBP 6004(h) ("Motion").  Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Motion.  I have read and I am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities.  The facts stated in the Motion and the Memorandum of Points and Authorities are true and correct to the best of my knowledge.

4.      The Estate includes the real property commonly known as 68065 Empalmo Road, Cathedral City, California 92234 [APN: 675-072-006] ("Property").

5.      Subject to Court approval and overbids, I have accepted a $491,000 offer from Yessy Rojas ("Buyer") in connection with my sale of the Property.  A true and correct copies of the respective Residential Purchase Agreement is attached hereto as Exhibits "1."

6.      The sale is in the best interest of creditors and the Estate and should be approved. Assuming the Court approves the Motion and no overbids are received, the Estate will receive $64,058.47 from the sale for the benefit of creditors of the Estate.

7.      Buyer has tendered a $20,000 deposit to the escrow agent handling the sale of the Property in the form of a cashier's check.

8.      In summary, the Purchase Agreement provides as follows:

a.      Purchase Price:  Buyer has agreed to pay $491,000 for the Property.

b.    <u>Closing of Sale</u>:  The sale shall close as quickly as possible, but not later than 30 days after Bankruptcy Court approval of the sale.

c.    <u>"As Is" and "Where As"</u>:  The Property is being sold, "as-is – where-as," thus Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.

d.    <u>Transfer of the Property:</u> I will convey title to the successful bidder via a Trustee's Quitclaim Deed.

e.    <u>Acknowledgement of Trustee's Capacity</u>:  Buyer is expressly aware and fully informed that I am selling the Property exclusively in my capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on my part is intended, and any liability is strictly the liability of the Estate.

f.    <u>Approval of the Bankruptcy Court</u>:  Buyer is aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

g.    <u>Bankruptcy Jurisdiction</u>:  I am selling the Property in my capacity as Chapter 7 of the Estate.  As such, resolution of any and all disputes with Buyer shall be resolved by the Court.

9.    I shall approve in writing all disbursements to be made on the sale of the Property. Escrow shall not be authorized to disburse any funds to anyone without my prior written approval.

10.    If I am unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to me, by being divested of title by the Court, because the tax consequences of the sale are excessive, or for any other reason, Buyer's sole damages shall be limited to a refund of the deposit less escrow and bond charges.

11.    In my business judgment the sale of the Property should be approved.

12.    Pursuant to the Preliminary Title Report, the Property is encumbered by the following liens:

a.    Property tax liens totaling $1,950.97.

b.    The deed of trust in favor of U.S. Bank, N.A. ("USB Deed of Trust").

Motion to Sell

     c.      FTB liens totaling $159,345.63.

     d.      IRS liens totaling $678,643.04.

     e.      A lien in favor of the California Employment Development Department in the amount of $17,983.44.

     f.      Judgment liens totaling $1,067,513.08.

A true and correct copy of the Preliminary Title Report is attached hereto as Exhibit "2."

13.     I do not believe the Property is subject to any further liens or encumbrances. However, in an abundance of caution and to provide assurances to Buyer, I seek authority to sell the Property "free and clear of any interest in such property of an entity..."

14.     Fair market value for the Property is being realized. The Property was listed for $519,000 on December 18, 2023, and Buyer's $491,000 is the only offer received. Additionally, the Property will continue to be marketed pending an order on the Motion to Sell and Buyer's offer is subject to overbid.

15.     The proposed overbid procedures as set forth in the foregoing Motion will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the estate.

16.     I negotiated an agreement with the Broker, whereby he will be compensated at a commission of 6%.

17.     Due to the facts of this case, I have determined that the proposed commission is reasonable and appropriate, and I am requesting authorization to pay such commission.

18.     Buyer participated in the negotiation of the Purchase Agreement. I am informed and believe that Buyer is not an "insider" as defined in § 101(31), in that Buyer is not a relative or general partner of Debtor, nor is Debtor its partner, director, officer, or person in control of Buyer.

19.     There is no relationship between Buyer and me. Thus, the proposed sale is an arms-length transaction negotiated in good faith between the parties.

20.     The sale of the Property would benefit the estate as follows:

Motion to Sell

| Estimated Equity Analysis | |
|---|---|
| Offer Received | $491,000 |
| Broker Commissions (6%) | ($29,460) |
| Estimated Costs of Sale (2%) | ($9,820) |
| Property Taxes – Riverside County | Estimated ($2,000) |
| First Priority Deed of Trust – USB | Estimated ($210,000) |
| FTB and IRS Lien Penalties and Interest Avoided Under § 724(a) and recovered and preserved for the benefit of the Estate under §§ 551 and 349(b). *See In re Bolden,* 327 B.R. 657, 664 (Bankr. C.D. Cal. 2005). | ($64,058.47) |
| FTB Lien | Approximately ($60,642.53) |
| IRS Lien | Approximately ($102,308.03) |
| Judgment Liens | ($0.00) |
| **Net Proceeds the Estate** | **$64,058.47** |

21.    My accountant, Donald T. Fife, CPA, has determined that the sale of the Property will likely result in minimal to no negative tax consequences.

22.    With respect to the waiver of the stay imposed by FRBP 6004(h), time is of the essence because both Buyer is able to close within 30 days of entry of the order approving this Motion and the stay of § 362(a) has terminated with regard to the Property to allow USB to proceed with foreclosure.  Therefore, foreclosure of the USB Deed of Trust may proceed at any time.  I believe that it is likely that the Estate will receive nothing if the USB Deed of Trust is foreclosed. Accordingly, I request that the Court waive the stay of FRBP 6004(h).

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 22nd day of February, 2024, at Riverside, California.

A. CISNEROS

Motion to Sell

## DECLARATION OF BRIAN THOMPSON

I, Brian Thompson of Winterstone Real Estate and Development, declare as follows:

1.  I am a real estate agent employed by Winterstone Real Estate and Development, the real estate broker for A. Cisneros, the Chapter 7 Trustee for the bankruptcy estate of Ronald David Sanderson ("Debtor"), Case No. 6:22-bk-12947-RB. In this capacity, I have personal knowledge of the facts stated herein, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.  I listed the property commonly known as 68065 Empalmo Road, Cathedral City, California 92234 [APN: 675-072-006] ("Property") for $518,000 on the Multiple Listing Service ("MLS") on December 18, 2023.  Following Debtor's turnover of the Property, I initiated and oversaw a significant cleanup of the Property.

3.  The Property was listed on the MLS as well as websites, including but not limited to Zillow.com, Redfin.com, and Truila.com.

4.  I posted an open house to the MLS as well as the aforementioned websites and have participated in several showings of the Property.

5.  My marketing efforts have resulted in one offer, which is Yessy Rojas's offer to purchase the Property for $491,000.

6.  I have continued to market the Property since receipt of Buyer's Offer and will continue to market the Property pending a ruling on Trustee's Motion to Sell the Property.  My marketing efforts will include continued showings to interested parties, communications via email and phone with interested parties, and continuing marketing efforts to attract interest in the Property and overbids.

I declare under penalty of perjury, according to the laws of the United States of America, that the foregoing is true and correct and this declaration was executed at Lake Forest, California on February 23 2024.

By: _____
BRIAN THOMPSON

## **DECLARATION OF YESSY ROJAS**

I, Yessy Rojas, declare as follows:

1.      I am the proposed buyer of the real property commonly known as 68065 Empalmo Road, Cathedral City, California 92234 [APN: 675-072-006] ("Property").  In this capacity, I have personal knowledge of the facts stated herein, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.      I am neither a relative nor a general partner of Debtor, Trustee, or Trustee's Broker.

3.      I am not in a partnership in which Debtor, Trustee, or Trustee's Broker, are a general partner, director, officer, or person in control.

4.      I participated in the negotiation of the Residential Purchase Agreement and Joint Escrow Instructions and Counteroffer through my broker.

5.      The proposed sale of the Property is an arms-length transaction and is in good faith.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the **23** day of February, 2024, at _____Phelan_____, California.

_____
YESSY ROJAS

Motion to Sell

### DECLARATION OF DONALD T. FIFE

I, Donald T. Fife, declare as follows:

1.     I am a duly-licensed certified public accountant in the State of California and a partner in the accounting firm of Hahn Fife & Company, LLP ("Hahn Fife").

2.     A. Cisneros, trustee of the bankruptcy estate of Ronald David Sanderson ("Trustee"), has engaged Hahn Fife as his accountants in this case.

3.     I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify thereto, I could and would do so competently and truthfully.

4.     I have been provided information regarding the projected sales price of the real property located at 68065 Empalmo Road, Cathedral City, California 92234 ("Property") and the Debtor's purchase price.

5.     Based on my review and analysis, I estimate that the sale of the Property will result in a State and Federal tax liability not to exceed $7,700.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the _26TH_ day of February, 2024, at Pasadena, California.

DONALD T. FIFE

Motion to Sell

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS,  BRIAN THOMPSON, DONALD T. FIFE, AND PROPOSED BUYER IN SUPPORT HEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 26, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **February 26, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY: Honorable Judge Magdalena Reyes Bordeaux, 3420 Twelfth Street, Riverside CA 92501
DEBTOR: Ronald David Sanderson, 68065 Empalmo Road, Cathedral City, CA 92234**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 26, 2024 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**

NOTICE: Chad L Butler    caecf@tblaw.com

NOTICE: Timothy S Huyck    lawyer@gartlandgroup.com, jaclyn@myfreshstartbegins.com;
huyck.timothys.r99655@notify.bestcase.com; amanda@myfreshstartbegins.com; tim@myfreshstartbegins.com

NOTICE: Christina J Khil    christinao@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com

NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com;
cvalenzuela@mclaw.org

NOTICE: Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov

**SECTION 2 CONT.**

NOTICE: Brian Thompson, Winterstone Real Estate and Development, 23792 Rockfield Blvd, Ste 101
Lake Forest CA 92630

NOTICE: Franchise Tax Board, Bankruptcy Section MS A340, Po Box 2952 Sacramento CA 95812-2952

NOTICE: Internal Revenue Service, Po Box 7346, Philadelphia, PA 19101

NOTICE: Riverside County Tax Collector, 4080 Lemon St, 4th Floor Riverside, CA 92501

NOTICE: US Bank, c/o Tiffany & Bosco, Chad L. Butler, 1455 Frazee Road, Ste 820, San Diego CA 92108

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                              **F 9013-3.1.PROOF.SERVICE**