| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>NATHAN F. SMITH, #264635<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive<br>Irvine, CA 92612<br>Phone: (949) 252-9400<br>Fax: (949) 252-1032<br>Email: nathan@mclaw.org | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☒ Attorney for:  A. Cisneros, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>RONALD DAVID SANDERSON,<br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:22-bk-12947-RB<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE**<br>**(*Specify name of Motion*)**<br><br>DATE: 03/19/2024<br>TIME:  11:00 am<br>COURTROOM: Via Zoom Teleconference<br>PLACE: United States Bankruptcy Court<br>         3420 Twelfth Street<br>         Riverside CA 92501 |
|---|---|

1. TO (*specify name*): __The Debtor, Debtor's Counsel and All Other Interested Parties__

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

   **PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, DONALD T. FIFE, AND PROPOSED BUYER IN SUPPORT HEREOF

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                     Page 1                                    **F 9013-1.1.HEARING.NOTICE**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 02/26/2024

MALCOLM & CISNEROS
Printed name of law firm

/s/ Nathan F. Smith
Signature

Nathan F. Smith
Printed name of attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        Page 2                        **F 9013-1.1.HEARING.NOTICE**

| | |
|---|---|
| In re:<br>RONALD DAVID SANDERSON,<br><br>                                                    Debtor, | Chapter 7<br><br>Case No. 6:22-bk-12947-RB |

## TITLE OF MOTION:

CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, DONALD T. FIFE, AND PROPOSED BUYER IN SUPPORT HEREOF

A complete copy of the Motion may be obtained upon request by contacting the Clerk's Office at the United States Bankruptcy Court, 3420 Twelfth Street, Riverside CA 92501; or by contacting the office of the Attorney for Trustee.

## MOTION SUMMARY

A. Cisneros ("Trustee"), Chapter 7 Trustee for the bankruptcy estate of <u>Ronald David Sanderson ("Debtor")</u>, moves the Court for an order authorizing him to sell property of the bankruptcy estate located in the County Riverside, State of California, and commonly known as 68065 Empalmo Road, Cathedral City, California 92234 ("Property") free and clear of liens and interests.

The Trustee seeks Court authority to sell the Property to Yessy Rojas ("Buyer"), for the total purchase price of Four-Hundred and Ninety-One Thousand Dollars and 00/100 ($491,000) ("Purchase Price"), subject to Bankruptcy Court approval and overbids.

In Trustee's business judgment, the Property has a fair market value of at approximately $491,000. As such, Trustee respectfully requests an order: (1) Authorizing him to sell the Property free and clear of liens and interests; (2) Approving overbid procedures; (3) Approving Broker compensation; (4) Authorizing distribution of sale proceeds; (5) Determining that the proposed Buyer is a "Good Faith Purchaser" under § 363(m); and (6) Waiving the 14-day stay of FRBP 6004(h).

The sale of the Property is in the best interests of creditors and the Estate. Predicated on the granting of the Motion, and if $491,000 is the winning bid at the auction, the Estate will receive net proceeds of approximately $64,058.47 based on Trustee's avoidance of penalty and interest on penalty portion of tax liens in favor of the Franchise Tax Board ("FTB") and Internal Revenue Service ("IRS") under § 724. Trustee also proposes to pay costs of sale, including reduced broker commission of 5%, approximately $210,000 to U.S. Bank, N.A. ("USB") on account of its deed of trust, which will be paid in full, approximately $2,000 to Riverside County on account of real property taxes owed, approximately $60,000 to the FTB, and approximately $100,000 to the IRS.

This case was commenced on August 4, 2022, with the filing of a petition under Chapter 7 of the Bankruptcy Code ("Petition").

Trustee is the duly appointed and acting Chapter 7 Trustee of Debtor's bankruptcy estate ("Estate").

On August 16, 2022, Debtor filed his sworn Schedule A/B identifying his ownership interest in the Property.

On August 16, 2022, Debtor filed his sworn Schedules C and D, wherein he claimed a homestead exemption of $400,500 under California Code of Civil Procedure § 704.730, identified a $202,156 first priority deed of trust against it, and identified $2,547,044.79 in judgment and tax liens.

| In re:<br>RONALD DAVID SANDERSON,<br><br>Debtor, | Chapter 7<br><br>Case No. 6:22-bk-12947-RB |
|---|---|

On November 22, 2022, Trustee filed a Notice of Assets and set a claims bar date of February 27, 2023.

On February 2, 2023, Debtor filed an amended Schedule C, wherein he reduced his claimed homestead exemption to $1,225.

The initial 11 U.S.C. § 341(a) meeting of creditors was held on September 8, 2022, and concluded on February 28, 2023.

On December 13, 2022, the Franchise Tax Board ("FTB") filed Proof of Claim 8-1 for a total of $181,911.97 ("FTB Claim"). The FTB's Claim is comprised of a secured balance of $173,003.14, secured against the Debtor's principal residence, and an unsecured balance of $8,908.83.

The FTB Claim includes $4,795.33 in penalties and interest on penalties.

On February 10, 2023, the Internal Revenue Service ("IRS") filed Proof of Claim 9-2 for a total of $877,309.14 ("IRS Claim"). The IRS Claim is comprised of a secured balance of $839,185.61, secured against the Debtor's principal residence, and an unsecured amount of $38,123.53.

The IRS Claim includes $59,263.14 in penalties and interest on penalties.

In March, 2023, Trustee and Debtor entered into a settlement agreement, whereby Debtor agreed to pay the Estate $64,000 in exchange for the Estate's interest in the Property and certain personal property and maintain mortgage payments, real property taxes, and hazard insurance until the settlement amount was paid in full ("Settlement").

Pursuant to the Settlement, Debtor paid Trustee $10,000 upon execution of the Agreement and agreed to pay the balance in eight installments of $6,750.

On April 27, 2023, USB filed a motion for relief from stay with regard to the Property. According to the Motion for Relief, $202,090.03 was owed under the first priority deed of trust as of March 23, 2023.

On June 9, 2023, the Court entered an order granting the Motion for Relief.

On August 7, 2023, the Court entered an order approving the Settlement.

Although Debtor paid the initial $10,000 to Trustee, he failed to tender any further funds, in breach of the Agreement. Based on the Agreement, Debtor's breach entitled Trustee to a judgment against Debtor in the amount of $75,000, which must be paid prior to Debtor's receipt of any funds on an account of his homestead exemption.

On August 25, 2023, Trustee filed an application to employ Brian Thompson as his real estate broker ("Broker") for the purposes of marketing and selling the Property.

On September 12, 2023, Trustee filed a stipulation between Trustee and Debtor, wherein Debtor agreed that he was in default under the Settlement, consented to entry of a $75,000 judgment against him, which must be satisfied prior to his receipt of any funds on account of his claimed homestead exemption, and agreed to cooperate with Trustee's efforts to sell the Property.

On September 18, 2023, the Court entered an order approving Trustee's application to employ broker.

On December 18, 2023, Broker listed the Property for sale at $519,000 on the Multiple Listing Service ("MLS"). Trustee has received and accepted an offer from Yessy Rojas ("Buyer") to purchase the Property for $491,000.

| | |
|---|---|
| In re:<br>RONALD DAVID SANDERSON,<br><br>Debtor, | Chapter 7<br><br>Case No. 6:22-bk-12947-RB |

## SALE TERMS

Trustee has received and accepted, pending Bankruptcy Court approval, and is providing notice to creditors concurrently herewith, an offer from Buyer to purchase the Property, subject to overbids, for $491,000. A true and correct copy of the Residential Purchase Agreement and Counter-Offer (collectively referred to as the "Purchase Agreement") is attached to the Motion as Exhibit "1" which provides in part as follows:

- The Buyer has agreed to pay the Debtor's bankruptcy estate a total of $491,000. Buyer has tendered $20,000 deposits to the escrow agent handling the sale of the Property in the form of a cashier's check.
- The sale shall close as quickly as possible, but not later than 30 days after entry of a Bankruptcy Court order approving the sale (or such time frame extended by the Trustee and the Buyers).
- The Property is being sold, "as is – where as," thus the Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.
- The Trustee will convey title to Buyer via a Trustee's Quitclaim Deed.
- The Buyer is aware that this transaction is expressly conditioned on approval of the United States Bankruptcy Court for the Central District of California.
- The Trustee is selling the Property in his capacity as Chapter 7 Trustee of the Estate and further, since the Property is property of the Debtor's bankruptcy estate, the resolution of any and all disputes between the Seller and the Buyers (or any overbidder) concerning the Property shall be resolved by the United States Bankruptcy Court for the Central District of California.

Trustee shall approve, in writing, all disbursements of sale proceeds. Escrow shall not be authorized to disburse any funds without Trustee's prior written approval. If Trustee is unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to Trustee, by being divested of title by the Court, because of the Lawsuit, or because the tax consequences of the sale are excessive, Buyer's sole damages shall be limited to a refund of the deposit less escrow and bond charges.

## SALE FREE AND CLEAR OF LIENS

According to a Preliminary Title Report obtained by Trustee, the Property is encumbered by the following liens:
      a.    Property tax liens totaling $1,950.97.
      b.    The deed of trust in favor of USB ("USB Deed of Trust").
      c.    FTB liens totaling $159,345.63.
      d.    IRS liens totaling $678,643.04.
      e.    A lien in favor of the California Employment Development Department in the amount of $17,983.44.
      f.    Judgment liens totaling $1,067,513.08.

The Trustee seeks authority to sell the Property "free and clear of any interest in such property of an entity..." Section 363(f) allows such a sale if any of the five following conditions are met:

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2)    such entity consents;
(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4)    such interest is in bona fide dispute; or
(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

| In re: | Chapter 7 |
|---|---|
| RONALD DAVID SANDERSON, | |
| | Case No. 6:22-bk-12947-RB |
| Debtor, | |

Section 363(f) is written in the disjunctive, such that satisfaction of any one of the five conditions is sufficient to allow Trustee to sell property of the estate free and clear of liens. In re Gerwer, 898 F.2d 730 (9th Cir. 1990).

Trustee's sale of the Property satisfies § 363(f)(3) because the Property is being sold for $491,000, which exceeds the $202,090.03 owed under the USB DOT.

According to FTB Claim, $4,795.33 of the claim is attributable to penalties and interest. According to the IRS Claim, $59,263.14 of the claim is attributable to penalties and interest. The $64,058.47 in penalties and interest included in the FTB and IRS liens are claims of a kind specified in § 726(a)(4) and subject to avoidance under § 724(a). Pursuant to §§ 551 and 349(b), the Trustee has the statutory right to preserve any liens avoided under § 724(a) for the benefit of the estate. See In re Bolden, 327 B.R. 657, 664 (Bankr. C.D. Cal. 2005).

The holders of the Tax Liens would receive only partial payment if USB foreclosed its deed of trust in light of the approximately $210,000 owed to it, the FTB's approximately $60,000 in liens, recorded in 2017 and 2019, and the IRS's approximately $550,000 in liens recorded between 2017 and 2019. The holders of the Judgment Liens would receive nothing. Therefore, Trustee proposes to sell the Property free and clear of the Tax and Judgment liens pursuant to § 363(f)(5). See e.g. In Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions, LLC (In re Spanish Peaks Holdings II, LLC), 872 F.3d 892 (9th Cir. 2017); In re Jolan, 403 B.R. 866, 869-70 (Bankr. W.D. Wash. 2009) but see Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 39-46 (9th Cir. BAP 2008).

To the extent that any additional liens are discovered, Trustee proposes that the sale be approved free and clear of said liens pursuant to § 363(f), with same to attach to the proceeds of sale in the same order of priority, extent, and validity.

## PROPOSED OVERBID PROCEDURES

The Trustee proposes the following overbid procedures subject to Bankruptcy Court approval:

- Only qualified bidders may submit an overbid. A "Qualified Bidder" is one who provides a financial statement, credit report, and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the Property, and one who can consummate the purchase of the Property on the same terms and conditions, other than price, as those proposed in the Offer.

- Each bid must be received by Trustee and his counsel no later than 2 business days prior to the hearing.

- The initial overbid must exceed the current highest bid of $491,000 by at least $10,000. Here, the first overbid must be at least $501,000. Each subsequent bid must then be in increments of at least $5,000. For instance, the first subsequent bid must be at least $506,000.

- Each bid must be non-contingent, and on the same terms and conditions, other than price, as those proposed in the Purchase Agreement with Buyer.

- Each bidder must match all terms and conditions of the Purchase Agreement with Buyer. Thus, an "earnest money" deposit of at least $20,000 must be made. Said deposit must be received by Trustee at 3403 10th Street, Suite 714, Riverside, California 92501 by no later than 2 business days prior to the hearing. Said deposit must be in the form of a cashier's check or certified check.

- Should a bidder fail to qualify for financing or timely close escrow, the $20,000 deposit is non-refundable. However, in the event that an overbidder becomes the successful purchaser, Buyer's deposit will be returned to Buyer.

| In re:  RONALD DAVID SANDERSON, | Chapter 7 |
|---|---|
| Debtor, | Case No. 6:22-bk-12947-RB |

- In the event there are no overbids received by Trustee, Buyer shall, subject to Court approval, be deemed the successful bidder, and the Estate's right, title and interest in the Property shall be sold to Buyer for the sum of $491,000, as-is, where-as, without representations or warranties..

### BROKER COMPENSATION AND OTHER COSTS ASSOCIATED WITH THE SALE

On September 18, 2023, the Court granted Trustee's Application to Employ Broker.

Trustee and Broker have agreed that Broker will be compensated at a commission of 6% of the purchase price or overbid, as negotiated by Trustee.

In addition, the Trustee seeks authority for distribution of sale proceeds as follows:
a) For normal/customary escrow and closing costs;
b) Estimated $2,000.00 to Riverside County;
c) Estimated $210,000 to USB;
d) Approximately $60,000.00 to the FTB;
e) Approximately $100,000 to the IRS; and
f) $64,058.47 to the Estate.

### DETERMINATION OF GOOD FAITH PURCHASER

Trustee further seeks an Order determining that Buyer is a "Good Faith Purchaser" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained. Buyer participated in the negotiation of the Purchase Agreement. Buyer is not an "insider" under § 101(31), in that neither Buyer nor her representatives are relatives or general partners of Debtor, nor is Debtor a partner, director, officer, or person in control of Buyer. There is no relationship between Trustee and Buyer. Thus, the proposed sale is an arms-length transaction and is in good faith.

### WAIVER OF STAY PURSUANT TO RULE 6004(h)

The Trustee also requests that the Court waive the stay under the Federal Rules of Bankruptcy Procedure, 6004(h). Time is of the essence because Buyer is able to close within 30 days of entry of the order approving this Motion.

| In re:<br>RONALD DAVID SANDERSON,<br><br>Debtor, | Chapter 7<br><br>Case No. 6:22-bk-12947-RB |
|---|---|

## BENEFIT TO THE ESTATE

The sale of the Property as proposed herein will generate estimated net proceeds in the amount calculated as follows:

| Estimated Equity Analysis ||
|---|---:|
| Offer Received | $491,000 |
| Broker Commissions (6%) | ($29,460) |
| Estimated Costs of Sale (2%) | ($9,820) |
| Property Taxes – Riverside County | Estimated ($2,000) |
| First Priority Deed of Trust – USB | Estimated ($210,000) |
| FTB and IRS Lien Penalties and Interest Avoided Under § 724(a) and recovered and preserved for the benefit of the Estate under §§ 551 and 349(b).  *See In re Bolden,* 327 B.R. 657, 664 (Bankr. C.D. Cal. 2005). | ($64,058.47) |
| FTB Lien | Approximately ($60,642.53) |
| IRS Lien | Approximately ($102,308.03) |
| Judgment Liens | ($0.00) |
| **Net Proceeds the Estate** | **$64,058.47** |

The sale of the Property will likely result in no negative tax consequences to the Estate.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2112 Business Center Drive, 2nd Floor, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/26/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

OFFICE OF U.S. TRUSTEE: United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com
ecf.alert+Cisneros@titlexi.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/26/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE'S COPY: Honorable Judge Magdalena Reyes Bordeaux, 3420 Twelfth Street, Riverside CA 92501
DEBTOR: Ronald David Sanderson. 68065 Empalmo Road ,Cathedral City, CA 92234

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***(3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, DONALD T. FIFE, AND PROPOSED BUYER IN SUPPORT HEREOF

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/26/2024 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 9013-1.1.HEARING.NOTICE**

**SECTION 1 CONT.**
NOTICE: Chad L Butler    caecf@tblaw.com

NOTICE: Timothy S Huyck    lawyer@gartlandgroup.com, jaclyn@myfreshstartbegins.com; huyck.timothys.r99655@notify.bestcase.com; amanda@myfreshstartbegins.com; tim@myfreshstartbegins.com

NOTICE: Christina J Khil    christinao@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com

NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org

NOTICE: Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov


**SECTION 2 CONT.**
NOTICE: Brian Thompson, Winterstone Real Estate and Development, 23792 Rockfield Blvd, Ste 101 Lake Forest CA 92630
NOTICE: Franchise Tax Board, Bankruptcy Section MS A340, Po Box 2952 Sacramento CA 95812-2952
NOTICE: Internal Revenue Service, Po Box 7346, Philadelphia, PA 19101
NOTICE: Riverside County Tax Collector, 4080 Lemon St, 4th Floor Riverside, CA 92501
NOTICE: US Bank, c/o Tiffany & Bosco, Chad L. Butler, 1455 Frazee Road, Ste 820, San Diego CA 92108

**SECTION 2 CONT.**
ACAR Leasing LTD
d/b/a GM Financial Leasing
P.O. Box 183853
Arlington, TX 76096

Ace Funding Source LLC
c/o Buchalter, APC
55 Second Street, #1700
San Francisco, CA 94105

~~Ace Funding Source, LLC~~
~~100 William Street, 9th Floor~~
~~New York, NY 10038~~
*01/03/2023 – return to sender, not deliverable as addressed, unable to forward*

Aires Law Firm
6 Hughes, Ste. 205
Irvine, CA 92618

American Express National Bank
c/o Zwicker & Associates, P.C.
700 N. Brand Bl., Ste. 500
Glendale, CA 91203

American Express National Bank
c/o Becket and Lee
LLP PO Box 3001
Malvern PA 19355-0701

Amex
P.o. Box 981537
El Paso, TX 79998

~~Ariel Bouskila, Esq.~~
~~40 Exchange Place, Suite 1306~~
~~New York, NY 10005~~
*01/03/2023 – return to sender, not deliverable as addressed, unable to forward*

~~Bank of America~~
~~Attn: Bankruptcy Nc4-105-03-14~~
~~Po Box 26012~~
~~Greensboro, NC 27420~~
01/06/2023 - *return to sender, not deliverable as addressed, unable to forward*

Bank of America, N.A.
PO BOX 31785
Tampa, FL 33631-3785

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

Employment Development Department
Bankruptcy Group MIC 92E
PO BOX 826880
Sacramento, CA 95814

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

FTB Bankruptcy Unit
MSA340
Po Box 2952
Sacramento, CA 95812-2952

Harley Davidson Financial
Attn: Bankruptcy
Po Box 22048
Carson City, NV 89721

IRS
Po Box 7346
Philadelphia, PA 19101

~~Journal Broadcast Group~~
~~333 West State Street~~
~~Milwaukee, WI 53203~~
*01/03/2023 – return to sender, not deliverable as addressed, unable to forward*

Journal Broadcast Group
c/o Troy W. Stanton, Esq.
P.O. Box 880
Yorba Linda, CA 92885

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090

Midland Fund
Attn: Bankruptcy
350 Camino De La Reine, Suite 100
San Diego, CA 92108

Midland Funding, LLC
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193

ML Factors Limited Liability Co.
c/o Law Offices of Todd F. Haines
30495 Canwood St., Ste. 100
Agoura Hills, CA 91301

~~New Era Lending, LLC~~
~~762 N Orange St.~~
~~Wilmington, DE 19801-4738~~
*01/04/2023 – return to sender, attempted not known, unable to forward*

Portfolio Recovery Associates, LLC
Attn: Bankruptcy
120 Corporate Boulevard
Norfolk, VA 23502

Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Riverside County Tax Collector
4080 Lemon St 4th Floor
Riverside, CA 92501

Riverside County Treasurer-Tax Coll
P.O. Box 12005
Riverside, CA 92502-2205

Sarah Clemens
4640 Admiralty Way, 5th Floor
Marina Del Rey, CA 90292

Select Portfolio Servicing, Inc
10401 Deerwood Park Blvd
Jacksonville, FL 32256

Wakefield & Associates
Attn: Bankruptcy
7005 Middlebrook Pike
Knoxville, TN 37909

Wesco Insurance Company
800 Superior Ave. E, 21st
Floor Cleveland, OH 44114