E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JOLENE TANNER (SBN 285320)
Assistant United States Attorney
Federal Building, Suite 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 393-3544
Facsimile: (213) 894-0115
E-mail: jolene.tanner@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>RONALD DAVID SANDERSON,<br><br>　　　　　　　　Debtor. | Case No. 6:22-bk-12947-RB<br><br>Chapter 7<br><br>OPPOSITION TO THE TRUSTEE'S MOTION TO SELL REAL PROPERTY [DOCKET NO. 111]<br><br><u>Hearing: Date:</u><br>March 19, 2024<br>Time: 11:00 a.m.<br>Place: Via Zoom Teleconference |

**TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND ALL INTERESTED PARTIES,**

PLEASE TAKE NOTICE that at the time and date shown above, the United States of America, on behalf of its agency the Internal Revenue Service, will, and hereby does oppose the Trustee's Motion to Sell Real Property (Docket No. 111). The basis for this objection is set forth in the attached memorandum of points and authorities, the pleadings and record in this case, and all other evidence properly presented to the Court.

1

1  PLEASE TAKE FURTHER NOTICE that the parties are hereby advised that Local

2  Bankruptcy Rule 9013-1(g) requires any reply to this opposition shall be filed with the Court and

3  served on the opposing party not later than seven (7) calendar days prior to the hearing. In addition,

4  Local Bankruptcy Rule 9013-1(g)(2) requires that service of reply papers on the opposing parties

5  shall be made by personal service, e-mail, or by overnight mail delivery service.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: March 5, 2024    /s/ Jolene Tanner
JOLENE TANNER
Assistant United States Attorney

Attorneys for United States of America,
on behalf of the Internal Revenue Service

## Memorandum of Points and Authorities

### I. Introduction

On August 4, 2022, Ronald David Sanderson (the "Debtor") filed for chapter 7 relief. Arturo Cisneros is the duly appointed chapter 7 trustee (the "Trustee"). On January 9, 2023, the Internal Revenue Service filed its proof of claim in the total amount of $892,358.96 (Claim No. 9-1). On February 1, 2024, the IRS filed its second amended claim in the total amount of $877,395.42, comprised of a secured claim of $839,185.61, an unsecured priority claim $17,591.28, and a general unsecured claim of $20,618.53 (Claim No. 9-3). As reflected on the proof of claim, the IRS recorded notices of federal tax lien with the Riverside County Recorder's Office. Claim No. 9-3.

On February 26, 2024, the Trustee filed a Motion to Sell Real Property (the "Motion," Docket No. 111). As set forth below, the United States does not object to the sale, but objects to (1) the proposed distribution between the IRS and the FTB, based on lack of information, and (2) the avoidance of the IRS's secured penalty under 724(a).

### II. Law and Analysis

**A. The Motion was Not Properly Served on the United States**

It is well-settled that procedural due process requires "notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Federal Rules of Bankruptcy Procedure require notice of a motion to sell property of the estate to be served upon all creditors, absent a court order to the contrary. Fed. R. Bankr. P. 2002(a)(2) & 6004(a). Additionally, a motion to sell real property is a contested matter under Federal Rule of Bankruptcy Procedure 9014. Fed. R. Bankr. P. 6004(b) & 9014; *see also In re Mastro*, No. BAP WW-10-1142-MKHJU, 2011 WL 3300140, at *5, n. 6 (9th Cir. BAP May 10, 2011). The Trustee must comply with Rules 7004 (setting forth service requirements) and 9014 (setting forth notice requirements in contested matters). *See In re Scott*, 437 B.R. 376 (9th Cir. BAP 2010) (The bankruptcy court lacked jurisdiction to decide a motion affecting the IRS's liens when debtor failed to serve the local United States Attorney and the United States Attorney General under

3

Federal Rule of Bankruptcy Procedure 7004(b)(5).); *In re Levoy*, 182 B.R. 827, 834 (9th Cir. BAP 1995) (requiring compliance with Bankruptcy Rules 7004 and 9014).

Bankruptcy Rule 9014(a) requires that relief sought in contested matters shall be in writing, and reasonable notice and opportunity for hearing shall be afforded to the party against whom relief is sought. Rule 9014(b) requires service of a motion in the same manner as provided for service of a summons and complaint under Federal Rule of Bankruptcy Procedure 7004. "It is a well-settled principle that the IRS cannot be sued and that the proper party in actions involving federal taxes is the United States of America." *Levoy*, 182 B.R. at 832 (*citing Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)). Rule 7004 requires that service of a motion to sell property and notice of hearing be made upon (1) the civil process clerk at the office of the United States Attorney for the district in which the action is brought, (2) the Attorney General of the United States at Washington, D.C., *and* (3) the officer or agency to which the action pertains. Fed. R. Bankr. P. 7004(b)(5); *Levoy*, 182 B.R. at 834. The proper addresses are listed in the Central Guide, Supplement 5003(e), 2.4:

<u>Internal Revenue Service</u>
    Internal Revenue Service
    P.O. Box 7346
    Philadelphia, PA 19101-7346

<u>Civil Process Clerk</u>
    United States Attorney's Office
    Federal Building, Room 7516
    300 North Los Angeles Street
    Los Angeles, CA 90012

<u>Attorney General</u>
    United States Department of Justice
    Ben Franklin Station
    P. O. Box 683
    Washington, DC 20044

Without service upon the IRS, the Civil Process Clerk, and the Attorney General, the United States is denied the opportunity to properly respond to the Trustee's Motion. *See Levoy*, 182 B.R. at 833 ("Service under Fed. R. Bankr. P. 7004(b) comports with the procedural due process requirements identified by the Supreme Court in *Mullane*.") (citing *Leavell v. Karnes*, 143 B.R. 212, 217 (S.D. Ill. 1990)). Moreover, an order granting the relief requested by the Trustee would be

1  void because the Trustee failed to properly serve the United States. *See id.* (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992)); *In re Scott*, 437 B.R. 376, 379 (9th Cir. BAP 2010) ("Because the debtor did not effect proper service on the United States under Rule 7004(b)(5), the bankruptcy court did not have jurisdiction to decide the motion.").

The Trustee did not serve the Civil Process Clerk for the United States Attorney's Office for the Central District of California, or the United States Attorney General with the Motion; thus, the Trustee did not properly serve the United States. *See* Motion & Notice of Hearing, Docket Nos. 111 & 112. Absent proper service, the Court does not have jurisdiction to adjudicate the Motion. Accordingly, the Motion should be denied.

**B. The Trustee Has Not Demonstrated that Section 363(f) is Satisfied**

The Trustee, after notice and a hearing, may sell property of the estate. 11 U.S.C. § 363(b)(1) & § 1107; *see also Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985). The sale must be in the best interest of the estate and the price must be fair and reasonable. *In re Canyon Partnership*, 55 B.R. 520, 526 (Bankr. S.D. Cal. 1985); *see also In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). A trustee may sell estate property "free and clear" of third-party interests in the property, such as co-ownership interest, liens, claims and encumbrances. *See* 11 U.S.C. § 363(f). A sale free and clear of third party interests pursuant to section 363 is authorized only if one of the following conditions is met: (1) sale authorized by applicable nonbankruptcy law; (2) third party whose interest will be affected consents; (3) the affected interest is a lien and the sale price is greater than total value of all liens on the property; (4) the affected interest is in bona fide dispute; or (5) the third party whose interest will be affected could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of the interest. 11 U.S.C. § 363(f)(1)-(5).

As an initial matter, the Trustee is attempting to sell the property free and clear of the IRS's liens and to avoid secured penalties on the property without properly serving the United States by serving the Attorney General and the Civil Process Clerk. *See* Fed. R. Bankr. P. 9014, incorporating Fed. R. Bankr. P. 7004(i).

5

The Trustee states that he can sell the property free and clear of liens under section 363(f)(5). Courts have interpreted section 363(f)(5) to require full money satisfaction of the liens. *See*, *e.g.*, *Matter of Stroud Wholesale, Inc.*, 47 B.R. 999, 1003 (E.D.N.C. 1985), *aff'd sub nom. Richardson v. Pitt Cnty.*, 983 F.2d 1057 (4th Cir. 1986). Here, the Trustee is not proposing to pay the liens on the property in full; thus, section 363(f)(5) is not satisfied. In any event, the United States does not object to the sale of the property.

**C. Distribution of Proceeds**

The United States objects to the proposed distribution of the sales proceeds. Pursuant to 26 U.S.C. §§ 6321 and 6322, a federal tax lien arises upon the property and rights to property of a delinquent taxpayer automatically upon assessment. The lien attaches to the taxpayer's property and rights to property that the taxpayer holds or subsequently acquires and continues until the lien has been satisfied or becomes unenforceable for lapse of time under 26 U.S.C. § 6502. *Id.* Although the lien arises at the time the tax assessment is made, a federal tax lien is not valid as against a holder of a valid security interest, mechanic's lienor, or judgment lien creditor until the NFTL is recorded. 26 U.S.C. §§ 6322, 6323(a), (f).  In California, NFTLs upon real property of an individual for obligations payable to the United States shall be filed with the county recorder's office. 26 U.S.C. § 6323(f)(1)(A)(ii); CCP § 2101(b).

The recording of an NFTL "renders the federal tax lien extant for 'first in time' priority purposes ...." *Capitol Waste, Inc. v. A Greener Globe*, No. 2:10-CV-866 FCD EFB, 2011 WL 1459014, at *2 (E.D. Cal. Apr. 15, 2011) (*citing U.S. By & Through I.R.S. v. McDermott*, 507 U.S. 447, 453 (1993); 26 U.S.C. § 6323) (quotation omitted). The lien continues to attach to property interest acquired by the taxpayer until the lien is satisfied. *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945).

Here, the IRS assessed taxes and recorded liens with the Riverside County Recorder's Office as reflected in Claim No. 9-3. Based on the foregoing, the IRS has a secured interest in the real property of the Debtor.

The priority between the IRS and the FTB liens is based on the date that the tax was assessed. *See* 26 U.C.S. § 6323(a). The United States has requested the assessment dates from the

6

FTB in order to determine priority between the two taxing authorities. The United States requests that the Court refrain from making a determination on the priority between the IRS and the FTB liens until the record can be developed further.

Additionally, the Trustee proposes to avoid the IRS's secured penalties pursuant to section 724(a), without proper notice upon the United States to the Attorney General and Civil Dockets Clerk of the U.S. Attorney's Office. Further, the Trustee has not demonstrated that use of section 724(a) is appropriate under the circumstances. Accordingly, the Trustee's request to avoid the IRS lien securing penalties under section 724(a) should be denied.[i]

### III. Conclusion

Based on the forgoing, the Government respectfully requests that any order granting the Motion require that the proceeds available after payment of the costs of sale and payment to the senior secured lender be held by escrow until the priority between the IRS and FTB is determined by further briefing or stipulation and Court order. The United States further requests that the Court deny the Trustee's request to avoid the secured penalties under section 724(a) because the United States was not properly served with the Motion.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: March 5, 2024           /s/ Jolene Tanner
JOLENE TANNER
Assistant United States Attorney
Attorneys for the United States of America,
on behalf of the Internal Revenue Service

---

[i] The United States invites counsel for the Trustee to contact the United States in an attempt to resolve the lien priority and lien avoidance issues consensually prior to the hearing on this Motion.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): Opposition to the Trustee's Motion to Sell Real Property [Docket No. 111] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/05/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Chad L Butler**   caecf@tblaw.com
- **Arturo Cisneros (TR)**   amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Timothy S Huyck**   lawyer@gartlandgroup.com, jaclyn@myfreshstartbegins.com;huyck.timothys.r99655@notify.bestcase.com;amanda@myfreshstartbegins.com;tim@myfreshstartbegins.com
- **Christina J Khil**   christinao@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com
- **Nathan F Smith**   nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **Jolene Tanner**   jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/06/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Magdalena Reyes Bordeaux (via Personal delivery)
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365 / Courtroom 303
Riverside, CA 92501-3819

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/05/2024 | Barbara Le | /s/ Barbara Le |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**